## 28640. HODGES v. THE STATE.

DECIDED FEBRUARY 3, 1941.

*C. G. Battle,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GARDNER, J. E. H., alias Charlie, Hodges was convicted under an accusation charging him with keeping, maintaining, and operating a lottery known as the number game. The certiorari was overruled and the defendant excepted.

The defendant demurred to the accusation (a) for the reasons that (1), the same fails to charge with any degree of certainty as to how and in what manner he kept, operated, maintained, or carried on the alleged lottery, known as the number game; (2), that the same is insufficient to constitute a legal and valid accusation for the offenses purported; (3), that the same is so indefinite and uncertain that the defendant could not plead an acquittal or conviction as a bar to another accusation based on the same transaction more specifically charged; and (4), that the accusation is too indefinite and uncertain in its allegations of fact as to reasonably inform him as to the exact offense purported.

The evidence for the State showed that as the officers went up the stairs to the bedroom where the alleged lottery was being maintained several negro girls ran from the bedroom into the living room and

kitchen. Three adding machines with hot motors and original yellow lottery tickets were found in the room. About five minutes after the officers arrived the defendant came into the apartment. The officers found four envelopes containing money, with the first names of four of the girls found in the room therein, and four or five hundred dollars in his pocket. The evidence further showed that one Lula rented the room, and that the defendant paid the rent on the room where the officers found the adding machines and ribbons.

This court is of the opinion that, as to the assignments of error upon the general grounds, there was sufficient evidence to support the verdict. On the special grounds covered in the certiorari, the first assignment (a) alleges error in overruling the demurrers. It is the opinion of this court that the accusation (1) is sufficiently clear and certain to reasonably inform the defendant as to what he is called on to defend; (2) is sufficient in law to constitute a valid and legal accusation for the offense purported; (3) is sufficiently definite and certain that he can and could plead an acquittal or conviction as a bar to another accusation based upon the same transaction more specifically charged; and (4) is sufficiently definite and certain to reasonably inform him as to the exact offense purported. This disposes of assignment (a); assignments (b) and (f) are general, and, as stated above, the evidence was sufficient to authorize the verdict.

Assignments of error (g) and (h) are on the admission of testimony regarding knowledge of witnesses as to how number games operate, the knowledge being derived from others rather than from personal experience. This testimony was admissible under rulings in *Andrews* v. *State,* 56 *Ga. App.* 12 (192 S. E. 73); *Crawford* v. *State,* 49 *Ga. App.* 801 (3) (176 S. E. 92); *Lunsford* v. *State,* 60 *Ga. App.* 537 (3) (4 S. E. 2d, 112), and cit.; *Sable* v. *State,* 48 *Ga. App.* 174 (172 S. E. 236). Assignment (i) concerns admission of testimony over the objection of the defendant. This evidence was admissible on the theory of alleged conspirator who rented the house in question, which rent was paid by the defendant. Code, § 38-306; *Kirksey* v. *State,* 11 *Ga. App.* 142 (2) (74 S. E. 902); *Wortham* v. *State,* 184 *Ga.* 674 (2) (192 S. E. 720). We find that the testimony was legally admitted. Assignment (j) complains of the admission of the lottery tickets and adding machines as evidence. The testimony shows that the defendant did

have something to do with the adding machines and lottery tickets. The assignment is without merit. Assignment (j repeated) is also without such merit as would require a reversal of the case. In view of this ruling we hold that assignment (k) is likewise without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*