### 30146. REEDER *v.* THE STATE.

DECIDED JULY 3, 1943. REHEARING DENIED JULY 21, 1943.

*C. G. Battle,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant excepted to his conviction for the offense of lottery, known as the numbers game. He was arrested in the basement of a drug-store. At the time, the defendant had in his manual possession a cigar-box which contained books, tickets, and ribbon, commonly used in the operation of the gambling device

for which he was convicted. This paraphernalia was seized and introduced as evidence at the trial. The tickets consisted of both original and memoranda sheets. The defendant confessed that one of the .writer's books in the box was his individual writer's book, and that he was a writer. There were other writer books and tickets showing· hundreds of sales of chances. From the documents which the officers thus procured it could easily be inferred that the place was a "turn-in station" for writers.

■ Assignments of error (a) through (e), inclusive: The evidence supports the verdict. All who participate in the commission of a misdemeanor are principals. *Taylor* v. *State,* 67 *Ga. App.* 298 (20 S. E. 2d, 146). The possession of the lottery writings and the confession of the defendant in connection therewith are sufficient to establish his guilt as charged.

■ Assignments (f) and (g): The court did not err in admitting, over objections of the defendant, testimony as to the manner in which the lottery is operated. *Lunsford* v. *State,* 60 *Ga. App.* 537 (3), (6) (4 S. E. 2d, 112).

■ Assignment (h): The court did not err in admitting in evidence the lottery tickets over the objections of defendant. *Mack* v. *State,* 65 *Ga. App.* 812 (16 S. E. 2d, 519).

■ Assignment (i): During the argument the solicitor-general made the following statement to the jury: "This lottery is the same thing as robbery," whereupon counsel for the defendant made a motion for a mistrial on the ground that the argument was improper and extremely prejudicial to the defendant. The court, in overruling the motion, remarked: "He had a right to make his deductions from the evidence." It is contended by the defendant that the remark by the court aggravated the prejudice engendered by the argument of the solicitor-general. One of the witnesses for the state testified, and it is undisputed, that the odds in the numbers game is 500 to 1 against the player and in favor of the operators. This being true the solicitor-general was justified in arguing from the evidence that this form of gambling was the same as robbery, as the word robbery is used in its general sense and meaning. It is not likely that the jury were impressed with the technical meaning of the word "robbery," as defined by our statute, that is, robbery by force, intimidation, and snatching. The solicitor-general did not use either of these terms. The usual

and general use of the word "robbery" denotes: "To deprive of, or withhold from, unjustly or injuriously; to defraud." Webster's Collegiate Dictionary. In view of this use of the word, and under the evidence, the solicitor-general was correct in his deductions. Any gambling scheme or device, such as the numbers game, appealing to the ignorance and credulity of the mass of unfortunates, and taking their earnings on a 500 to 1 chance, is a species of vile and vicious robbery.

The court did not err in overruling the certiorari.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*