33895. RAMSEY *v.* THE STATE.

DECIDED JANUARY 21, 1952.

*Wendell J. Helton,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, C. O. Murphy,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ While an accusation which states the offense in the terms and language of the Code or so plainly that the nature of the offense charged may be easily understood, is generally sufficient (Code, § 27-701), nevertheless, where the terms used in the Code section are generic, as is the word "lottery" (there being an unlimited variety of games of chance which fall under this general head) it is not sufficient that an indictment charge the offense in the same general terms as in the definition of the crime, but it must state the particular offense intended to be charged. See *President* v. *State,* 83 *Ga. App.* 731 (64 S. E. 2d, 596). However, the accusation here which charges specifically the lottery maintained is sufficient. See *Johnson* v. *State,* 54 *Ga. App.* 260 (1) (187 S. E. 679); *Hodges* v. *State,* 55 *Ga. App.* 670 (1) (191 S. E. 182). The judgment of the trial court overruling the motion to dismiss the accusation is without error.

■ ■ Error is assigned in the petition for certiorari on the admission in evidence of the testimony of the State's witness as to the method of operation of the numbers game on the ground that the same is hearsay, the defendant having moved at the conclusion of this testimony to rule it out on this ground. The witness stated that he gave his testimony "as an expert witness on the operation of the lottery known as the numbers game in Fulton County. I am testifying as to its operation. I am testifying from my own knowledge of the manner of operations of the lottery known as the numbers game in Fulton County, based on a period of experience of over five and a half years, having interrogated many persons who were charged with violations of the lottery known as the numbers game, and having arrested persons in active violation of the lottery known as the numbers game, and having conferred with people engaged in the various phases of the operation of the lottery; I have examined a tremendous amount of evidence of all types; I have heard the defendants plead guilty in court, and admit their

part of the operation that they played in the operation of the lottery. . . I saw the money, and I saw the tickets. I have never seen bets made and bets paid off."

Evidence as to the operation of a lottery is not rendered hearsay because the evidence was obtained in other cases rather than the case on trial. *McIntyre* v. *State,* 190 *Ga.* 872 (6) (11 S. E. 2d, 5, 134 A.L.R. 813). Nor is it rendered inadmissible merely because the witness has not himself played the game, or seen the bets actually made, if from all his testimony it appears that from his experience he has actual knowledge of the manner in which the lottery is maintained and operated. *Lunsford* v. *State,* 60 *Ga. App.* 537 (3), 545 (4 S. E. 2d, 112); *Hodges* v. *State,* 64 *Ga. App.* 328 (13 S. E. 2d, 90); *Mills* v. *State,* 71 *Ga. App.* 353 (30 S. E. 2d, 824). This assignment of error is without merit.

█ Nor was it error to allow the packages containing tickets and money found on the person of the defendant to be introduced in evidence over objection, the tickets having been properly .identified as being tickets used in the operation of the numbers game. *Reeder* v. *State,* 69 *Ga. App.* 705 (3) (26 S. E. 2d, 481); *Williams* v. *State,* 71 *Ga. App.* 155 (30 S. E. 2d, 356); *Simmons* v. *State,* 72 *Ga. App.* 16 (5) (32 S. E. 2d, 842); *Johnson* v. *State,* 67 *Ga. App.* 275 (19 S. E. 2d, 843); *Taylor* v. *State,* 67 *Ga. App.* 298 (20 S. E. 2d, 146).

█ The evidence in this case, which showed without dispute that there was a numbers game in operation in Fulton County on the date alleged in the indictment, that the tickets introduced in evidence were paraphernalia used in conducting such game, and that these tickets were found on the person of the defendant (her explanation thereof not being believed by the court) was amply sufficient to support the verdict on the general grounds. See *Johnson* v. *State,* 67 *Ga. App.* 275, supra; *Taylor* v. *State,* 67 *Ga. App.* 298, supra. Evidence that some of the tickets found in the possession of the defendant were dated February 19, 1951, and that the general practice was to destroy lottery tickets after holding them for a few days, together with the testimony as to the date when these particular tickets, together with the package of money, were found on the person of the accused, was also· sufficient to show that the crime charged in

the accusation was committed within the period of the statute of limitations.

The judge of the Superior Court of Fulton County did not err in overruling the petition for certiorari.

*Judgment affirmed.   MacIntyre, P.J., and Gardner, J., concur.*