## 37084. VAUGHN v. THE STATE.

DECIDED MARCH 21, 1958—REHEARING DENIED APRIL 1, 1958.

*John J. Sullivan,* for plaintiff in error.

*Andrew J. Ryan, Solicitor-General, Sylvan A. Garfunkel, James F. Glass, Jack H. Usher, Assistant Solicitors-General,* contra.

CARLISLE, Judge.  W. M. Vaughn was tried and convicted in the City Court of Savannah on an accusation charging him with the maintaining, employing, and carrying on of a scheme and device for the hazarding of money known as bolita.  He filed a motion for new trial on the general grounds which he amended by the addition of four special grounds, and the exception here is to the denial of that motion.  While there was some conflict in the evidence, the jury was authorized to find that the defendant operated a confectionery with a beer parlor in the rear; that in the rear of the beer parlor was a door leading into a hallway of an adjoining apartment in the same building occupied by the defendant's business; that this door was locked on the beer-parlor side with a padlock or snap-lock to which the defendant held the key; that the hallway led to a two-story apartment which was bare of furniture with the exception of a table and some chairs in the kitchen; that there were two other doors leading to this apartment which were locked or so secured that they could only be opened from the inside, and that lottery paraphernalia, that is, bolita tickets and adding-machine tapes, coin wrappers and sacks were found in this apartment.  The defendant was found to be in possession of four adding machines

in his place of business, which it appeared was a relatively small operation, and an expert witness for the State testified without objection that she had compared the adding-machine tapes found in the vacant apartment with samples of tapes taken from the adding machines in the possession of the defendant and that most of the tapes found in the vacant apartment appeared to have been printed on one or the other of the defendant's adding machines. This witness testified in detail illustrating her conclusions with enlarged photographs of the figures printed on the tapes and explaining the points of similarity between the tapes found and the samples taken from the machines in the defendant's possession. One of the police officers testified that he was familiar with the game of bolita and with how it is played, and he testified in detail explaining the meaning and significance of figures appearing on the tickets found in the apartment. There was also testimony that a game known as bolita was being played and operated in Savannah at the time the defendant's premises were raided and searched by the police officers.

1. It appeared from the evidence that two police officers went to the defendant's place of business armed with a search warrant, and after conducting a search of the premises where he conducted his confectionery and beer parlor, they asked the defendant for a key to the door leading from the beer parlor to the adjoining apartment, which he furnished them, and that after opening the door, they proceeded to search the adjoining apartment. While one of the officers was on the stand, he was asked what he found in the hallway and on the stairs leading to the second floor in the adjoining apartment, and he was allowed to testify, over the objection that the evidence was irrelevant and prejudicial, that he found 12 cases of assorted whisky. It is contended by the defendant in special ground 1 of the motion for a new trial that it was not shown that this whisky was on premises under his control, or that he had any control over it or that the whisky was his, and in his brief before this court, he argues that this evidence was inadmissible because it tended to put his character in issue and left the impression that he was a liquor runner or a liquor dealer, and confused the issues. The State contends that this evidence was admissible as tending to show that the defendant had possession of the premises since it would have

been "foolhardy for anyone to put 12 cases of whisky in a place which was open to the public" where it could have been picked up by anyone passing by.

The fact that the police officers found 12 cases of whisky on a stairway back of the premises where the defendant operated a beer store has no relevancy as tending to prove that the defendant possessed and used such premises unless there is also testimony which would connect the whisky with the defendant. Not a syllable of such testimony appears in the record.

This evidence was clearly irrelevant and prejudicial. Where, as here, it was shown that the defendant was engaged in the operation of a store selling beer and it was not shown that he had a license to sell whisky, the fact that he had concealed on premises which, as the jury found under the verdict, were under his control, a large quantity of whisky is extremely likely to lead to the suspicion that he was illegally selling or dealing in whisky. Furthermore, the injection of the liquor issue into any case is likely to be prejudicial, at least so far as some of the members of the jury are concerned. Where evidence of the defendant's possession of other articles than those on which the charge is based is not relevant, and the proof of the possession of such other articles is likely to be prejudicial, a reversal is demanded. *Spencer* v. *State*, 95 *Ga. App.* 454 (1) (98 S. E. 2d 94). The admission of this evidence was error and requires a reversal of the case.

2. In the second ground of the amended motion, the defendant assigns error on the admission in evidence of the quantity of money wrappers, adding-machine tapes, photographs of ashes and certain paper bags alleged to have been taken from the premises adjoining the defendant's beer parlor. This evidence was objected to on the ground that it did not show that these exhibits had anything to do with the operation of bolita by the defendant. As stated above, one of the issues in the case was whether the defendant had exclusive control over the adjoining apartment. The evidence was ample to authorize the jury to find that he did have exclusive control over this apartment, and the introduction of these exhibits in evidence as having been found in this apartment and in the yard in the rear thereof were certainly relevant and material to prove the commission of the crime

charged. *Williams* v. *State,* 62 *Ga. App.* 679 (9 S. E. 2d 697); *Hodges* v. *State,* 64 *Ga. App.* 328, 329 (13 S. E. 2d 90).

3. In the third special ground, error is assigned because one of the prosecuting witnesses was permitted to testify over objection that he had information that a bolita game was being operated in Savannah and Chatham County, Georgia, around March 21, 1957, and in ground 4, error is assigned because one of the State's witnesses was permitted to testify over objection as to the cost of the adding machines found in the defendant's possession. As to the first of these, this evidence was clearly admissible. *Mills* v. *State,* 71 *Ga. App.* 353, 356 (30 S. E. 2d 824). The evidence with relation to the value of the adding machines found in the defendant's possession was certainly a circumstance tending to show that the defendant had some use for the adding machines, and that his investment in these high-priced machines must have been justified by some enterprise or undertaking other than what appeared to be his legitimate business. This evidence was not inadmissible for any reason assigned.

4. The evidence in this case was entirely circumstantial. The judge charged the jury fully on circumstantial evidence and instructed them that to warrant a conviction thereon its proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused. The evidence authorized the jury to find that the defendant had exclusive possession of the premises where the lottery tickets, adding-machine tapes and other paraphernalia were found and that he thus had exclusive possession of the tickets, tapes, etc. Evidence of the unexplained possession of these items, together with evidence as to the method of operating the lottery and that bolita was in operation in Chatham County at that time, was sufficient to authorize a conviction. *Williams* v. *State,* 62 *Ga. App.* 679, supra; *Morrow* v. *State,* 62 *Ga. App.* 718 (1) (9 S. E. 2d 699). The jury found the defendant guilty, the verdict has the approval of the trial judge, and we cannot say, under the evidence in the record before this court, that this verdict and the judgment were not authorized, insofar as the general grounds of the motion for new trial are concerned.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*