### 37542. VAUGHN v. THE STATE.

CARLISLE, Judge. 1. This is the second appearance of this case in this court. On its previous appearance, the conviction of the defendant was reversed because of the admission of irrelevant and prejudicial evidence, this court holding, however, that the evidence authorized the verdict of guilty. *Vaughn v. State*, 97 *Ga. App.* 406, 409 (103 S. E. 2d 101). When the case was tried again, the evidence was substantially the same as that set out in the opinion there, the irrelevant evidence being omitted, of course. Under these circumstances, this court cannot say that the evidence on this trial did not authorize the verdict of guilty.

2. The first special ground complains of the admission in evidence of testimony of one of the policemen that he found on top of a pile of ashes in the yard behind the building occupied by the defendant's place of business, the word "Cuba," it being contended that the defendant was being charged with the operation of a game known as "bolita", and that these tickets were for an entirely different game, or operation. This ground is without merit. There was no evidence that the word "Cuba", when used in this sense, had reference to any particular game, either like or different from the game of bolita, and there is no allegation in this ground of the motion that the word "Cuba" is commonly understood as referring to a game of chance, either like or unlike bolita. For these rea-

sons, the trial court did not err in overruling the first special ground of the motion for a new trial.

3. Special grounds 2 and 3 complain of the refusal of the trial court to direct the verdict for the defendant on the ground that the evidence did not show that the crime had been committed within two years, and, further, on the ground, in substance, that the evidence did not show the commission of any crime at all. The proved facts and circumstances to the effect that two of the four adding machines found in the defendant's possession were purchased by him within a period of two years prior to the accusation, together with other proved facts and circumstances, were sufficient to authorize the jury to find that the defendant had operated the game within two years previous to the date of the accusation. These grounds are but an elaboration of the contentions made in the general grounds and are without merit.

*Judgment affirmed. Townsend, J., concurs. Gardner, P. J., concurs in the judgment.*

DECIDED FEBRUARY 12, 1959—REHEARING DENIED
FEBRUARY 25, 1959.

*Sullivan & Head, John J. Sullivan,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, James F. Glass, Jack H. Usher, Assistant Solicitors-General,* contra.

