John J. Walsh, J.
Defendant appeals from a conviction by Justice Howard W. Chappell of the Town of Kirkland after a trial before him without a jury. The affidavit on appeal contains no alleged errors of law by the learned Justice, but alleges that the evidence adduced conclusively established the innocence of the defendant; that the conviction was contrary to the weight of the evidence; and that defendant was not proved guilty beyond a reasonable doubt.
The County Court on appeal from a lower court judgment of conviction in a criminal proceeding can only review the judgment below. It is not a trial de novo. Where questions of facts are reviewed, the County Court can only reverse the decision below, where it appears that the decision of that court was so clearly against the weight of the evidence that the court could *381 not reasonably have arrived at the decision which it did. (People ex rel. Case v. Case, 138 Misc. 131 [Oneida County Court, 1930, Hazard, J.].)
Where such findings are not clearly against the weight of the evidence they will not be disturbed on appeal. (People v. Lembo, 8 N. Y. S. 2d 744 [Westchester County Court] citing People v. Case, supra.)
The record on appeal contains the testimony of Constable John Wilkinson, which if believed by the Trial Justice would be sufficient to sustain a conviction. He testified:
Q. What were the markings on the highway when the defendant started to pass the two cars ahead of him? A. The markings were two lines consisting of a broken white line and a solid white line on the right side or defendant’s side of the highway.
Q. How long would you say this solid white line along with the other line continue after the defendant started to pass these other vehicles? A. The solid white line continues around the curve before the Village of Clinton line and the broken white line becomes a second solid white line around the curve. 46. 42. 42.
Q. At what point did the defendant start to pass? A. Just north of the Drive-in — he got out of the line of traffic, crossing the solid line on his side of the highway and as he continued out of the line of traffic he crossed back over the double solid white line. (Transcript, pp. 1-2.)
It is true that both the defendant and the witness who was riding with him denied crossing either the solid white line on his side of the highway or the double white line. It may well be that defendant’s version of the facts is correct but the appellate court cannot substitute its judgment for that of the trial court. The weight of the evidence does not depend upon the number of witnesses sworn on either side, but on the quality of the testimony given and the credibility of the witnesses. The question of credibility cannot be determined from a reading either of the testimony given or the affidavit on appeal. The Trial Justice who saw the witnesses and heard their testimony alone can determine that question. His determination of the facts is conclusive. (People v. Lukowsky, 94 Misc. 500.)
Since an examination of the record on appeal does not show that the findings of fact are clearly against the weight of the evidence, they cannot be disturbed on appeal.
The judgment of conviction is affirmed.