Archibald C. Wemple, J.
The section of the law of which the defendant was charged as violator, is a law with good intentions but, as written, is impossible of enforcement. Like the old subdivision 1 of section 15 of the Vehicle and Traffic Law which was declared unconstitutional, and which has been superseded by a new section known as subdivision 31 of section 15 of the Vehicle and Traffic Law, the law, under review, fails to set forth standards and guideposts for enforcement officers, as well as courts. Therefore, this law is too vague in its meaning and, by reason thereof, becomes impossible to enforce.
No one can deny that the sudden opening of the door on the traffic side, without regard to oncoming passing vehicles in the adjoining lane, is and has been both annoying and causative of many accidents. It is a dangerous practice, indulged in by thoughtless operators of parked motor vehicles. It should be properly controlled by proper statutory mandate.
The law in question, however, that is new section 1214, states as follows: “ No person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, nor shall any person leave a door open on the side of a vehicle available to moving traffic for a period of time longer than necessary to load or unload passengers.”
It is to be noted that the above-quoted section prohibits ‘1 the opening of the door or leaving a door open ” but says nothing about the responsibility while a person is in the act of closing a door. In the instant case, the defendant claims that he had the door practically closed at the time the complainant, in passing, struck the door itself. True, there was a sharp conflict of *564 testimony in this trial. The complainant testified that he struck the door of the defendant’s car while the defendant was standing along the outside of the car and while he was in the process of opening the driver’s door. On the other hand, the defendant claimed he was inside his car and was in the act of closing the door when the collision took place. In this respect the version of the defendant must be accepted as the most credible because if the defendant were outside of the car, the complainant’s ear would have struck the person of the defendant, as well as the door. It should also be noted that there was testimony to the effect that the left front fender, left bumper and headlight, as well as the door, were all damaged in the collision. There was testimony of a disinterested witness that there was no traffic moving at the time of the accident. Therefore, the weight of the evidence favors the finding of innocence, and the benefit of any doubt should be resolved in favor of the defendant. For this reason alone, the conviction should be set aside.
It should be noted in this case that the law lacks standards to guide enforcement officers in the apprehension of alleged violators, as well as the judges in the trial of persons accused under this section. Absent also is the interpretation of such expressions as the term “ reasonably safe ”. What is reasonably safe to one man may not appear reasonably safe to another under a given set of circumstances. Where is the line of demarcation? Does not one’s version of being in a reasonably safe position to open a door depend on one’s agility, timing and the intervening distance from the other ear when the door is opened?
Another inquiry might be to interpret “ moving traffic.” Is the movement to apply to fast traffic, slow traffic or traffic which is intermittent, or at a safe distance? Does the word traffic include vehicular traffic, bicycle traffic or pedestrian traffic?
Does the section spell out a violation when one is opening a door and, as in the instant case, also when one is closing a door? Does the section apply when a person opens a door from the outside as well as when one opens the door from the inside?
Frankly, the law leaves many questions of interpretation open and susceptible to extensive variations of understanding. It is too vague and indefinite in its wording to guide operators of motor vehicles and enforcement officers; and, finally, it lacks clarity and definition for courts in interpreting and carrying out its provisions. Therefore, this court concludes that section 1214 of the Vehicle and Traffic Law under which this defendant was prosecuted, is unconstitutional.
*565 Lest there be any misunderstanding as to this decision, let it he known that this court is in full sympathy with statutory regulations which will prohibit the dangerous practice of the sudden and reckless opening of doors on the traffic side of the vehicle. However, the language of such law or rule must be clear-cut, meaningful and enforcible.
As noted above, this court finds from a review of the testimony that the verdict is contrary to the weight of evidence. In addition, this court finds that the prosecution has failed to meet its burden of proving the defendant guilty beyond a reasonable doubt.
For the reasons stated herein, the conviction of the defendant is hereby set aside and the fine is remitted to him.
Submit order accordingly.