Johh J. Walsh, J.
The information filed against the defendant charges him with violating section 95-d of the Vehicle and Traffic Law. Section 95-d of the Vehicle and Traffic Law which was effective at the time of the accident (since repealed by L. 1957, ch. 698, eff. July 1, 1958) provided: “It shall be unlawful for the driver of any vehicle to enter upon or cross a state highway from an intersecting road or highway upon which such a stop sign is erected without first having brought the vehicle to a full stop at or close to the intersection of such state highway. A person having stopped as directed by such a stop sign shall proceed with caution so as not to interfere with or endanger traffic. ’ ’
After trial, the presiding Judge rendered an oral decision as follows: “He did stop, however, I do find the people have proved beyond a reasonable doubt, the defendant after stopping, proceeded into the intersection and I quote from the section, *519 ‘ shall proceed with caution so as not to interfere with or endanger traffic. ’ The defendant failed to comply with that part of the section.”
On appeal to the County Court, this court will not substitute its judgment of the facts for the judgment of the trial court who heard the testimony and determined the credibility of the witnesses at first hand. Accordingly, in an ordinary situation, where the prosecution presents evidence which if believed would be sufficient to warrant a conviction, this court will not interfere.
After full consideration of this appeal, this court has determined that the conviction must be reversed not for any errors of fact or of law by the trial court, but because of the vagueness and indefiniteness of the now repealed statute.
This is not the first section of the Vehicle and Traffic Law which has been struck down for indefiniteness and vagueness. (§ 56 in People v. Firth, 5 Misc 2d 439 [1957]; § 15, subd. 1 [mufflers] People v. Zanchelli, 8 Mise 2d 1069 [1957]; § 1214 [opening doors in traffic] People v. Bell, 15 Misc 2d 562 [1959].)
When the Legislature repealed section 95-d by chapter 698 of the Laws of 1957, effective July 1, 1958 it apparently recognized the vagueness and indefiniteness of the statute because in the new Rules of the Road which replaced the old statute it provided for a standard of conduct governing stop signs.
New section 1172 requires motorists to stop at or near stop signs and then permits such motorist to proceed as provided in section 1142 of the Vehicle and Traffic Law.
Section 1142 provides for the manner in which the driver may proceed after stopping as follows: and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection shall yield the right of way to the vehicle so proceeding.”
Since, therefore, section 95-d at the time of the accident and trial herein was unenforcible because the statute did not set up a sufficiently definite standard of conduct and was not sufficiently explicit to inform those who may become subject to its penalty as to what conduct on their part would not be an “interference with” or an “endangering of traffic” (People v. Grogan, 260 N. Y. 138), the conviction is reversed, the -fine remitted and the information is dismissed.