Benjamin Gassman, P. J.
This appeal was submitted by the respondent on the original record. Appellant argued the appeal in person. No briefs were submitted by either party.
The defendant was convicted of disorderly conduct under subdivision 2 of section 722 of the Penal Law.
The police officer testified that on June 2, 1959, at 4:30 a.m. he observed the defendant stretched out in full length on a seat of a car in a train which was laid up for 20 minutes at the 241st Street and White Plains Road subway station. There were about 14 other passengers in that car. Defendant had his coat over his head and was apparently asleep. The officer woke up the defendant, who “ seemed to be apparently intoxicated.” Defendant told the officer that he had come from Massachusetts, had no hotel room and was using the subways to sleep. He was then arrested.
*193 The defendant testified that he was traveling from Washington, D. C., to Winthrop, Massachusetts where he lived. He stopped in New York to see the sights and to visit various antique shops. He boarded the subway train, intending- to go to the Theresa Hotel, but fell asleep on the train and was awakened by the officer at the 241st Street station. He denied being intoxicated.
On this evidence, the Magistrate found the defendant guilty of disorderly conduct.
Although the complaint in the court below charged that the defendant 11 with intent to provoke a breach of the peace and under circumstances whereby a breach of the peace might be occasioned, did annoy and disturb passengers and others in the vicinity by loitering and lounging on the train while apparently under the influence of intoxicants ’ ’, the evidence failed to establish that the defendant annoyed or disturbed any passengers or others, or that he either committed a breach of the peace or did anything which was likely to bring about a breach of the peace. The testimony established only the defendant’s act of sleeping on a subway train.
Merely sleeping on a subway train does not, in and of itself, constitute disorderly conduct. Otherwise, many law-abiding citizens, using our transit facilities, would be violating the law. The section dealing with ‘1 disorderly conduct ” covers situations where the act of the defendant was committed ‘ ‘ with intent to provoke a breach of the peace ’ ’ or under circumstances “ whereby a breach of the peace may be occasioned ”.
“ It is most salutary that our subway and elevated trains be kept free of drunks, vagrants and loafers i:= * # However, it is even more important that the rights of every individual * * * be safeguarded ”, said the court in People v. Sustek (204 Misc. 514, 515) * * * in dismissing a complaint charging the defendant with sleeping on a train. To constitute 1 ‘ disorderly conduct ’ ’ there must be an actual or threatened breach of the peace (People v. Perry, 265 N. Y. 362, 365). “ The key phrase of the statute is ‘ breach of the peace ’ and, traditionally, that language means a violation of public order and tranquility ”. (People v. Chesnick, 302 N. Y. 58, 60.) Until such time as the Legislature makes sleeping on a train an offense, the" courts cannot make it so, desirable as it may be to keep our subway trains free of questionable characters.
The judgment should be reversed and the complaint dismissed.