The People of the State of New York, Respondent, *v.* Ralph Cooper, Appellant.

County Court, Orleans County, June 18, 1962.

*Burroughs A. Strickland* for appellant. *Franklin B. Cropsey, District Attorney,* for respondent.

J. Kenneth Servé, J. Upon his plea of guilty, the defendant was convicted in the Justice Court of the Town of Gaines, Orleans County (John Carr, J. P.), of violating paragraph a of subdivision 4 of section 501 of the Vehicle and Traffic Law (unlicensed operator). He was fined $100, and sentenced to the Orleans County Jail for 60 days.

The defendant is now appealing from the judgment of conviction, and has alleged in his affidavit of errors that the information was insufficient and did not charge a crime, in that it did not state facts sufficient to constitute a crime. The arresting officer, who was the informant, charged the defendant in the information with the commission of the crime of being an unlicensed operator in the following language: "That one Ralph Cooper, on the 17th day of March, 1962, at the Public Highway Crandall Rd., in the Town of Gaines County of Orleans, N. Y. at about 3:00 o'clock in the aforenoon of said day, did commit the crime of unlicensed operator in violation of Article 19 Section 501 Subdivision 4a of the Vehicle and Traffic Law of the State of New York by feloniously, wrongfully, unlawfully, willfully, corruptly, falsely, maliciously and knowingly did operate and drive a 1951 Mercury Motor Vehicle bearing NY regis 8H 4189 in a southerly direction upon the Crandall Rd. Said operator did operate a motor vehicle upon the highways of this

state without having a valid license in accordance with provision of the Vehicle and Traffic Laws To Wit: Unlicensed operator."

The attorney for the defendant, upon his oral argument, and his submitted written memorandum, has specified the alleged defects in the information. He claims the insufficiency arises from the failure of the information to allege (1) that the defendant did not have an operator's or a chauffeur's license, and (2) that the information did not allege that the defendant was a New York resident or other facts that would make driving under a Florida license illegal.

As to the first objection to the information, that it did not allege that the defendant did not have an operator's license or chauffeur's license, a reading of the allegations in the information discloses that such objection is without merit.

The function of an information is to inform the defendant of the nature of the charge made against him, and the act constituting such charge, so that he can prepare for trial, and to prevent him from being again tried for the same offense. (*People* v. *Zambounis,* 251 N. Y. 94.) The above-quoted language of the information does advise the defendant of the nature of the charge, in that it charges him with the crime of "unlicensed operator" (Vehicle and Traffic Law, § 501, subd. 4), and in addition sets forth the particular section of the motor vehicle law he is charged with violating. The language of the information informs the defendant of the act that he is accused of committing. The details of such act as to the time and place of the commission of the same and the manner of committing it, and the identification of the motor vehicle involved, are set forth so clearly in the information that the defendant's acquittal or conviction of said charge would constitute a bar to his being tried again for the same offense.

There is nothing in the return of the Justice or in the defendant's affidavit of errors to show that the defendant did have a Florida operator's license at the time of his alleged illegal operation of the motor vehicle. Such point was first raised by the defendant's attorney in his oral argument on the hearing of the appeal. In substance, the claim is made by the defendant that the information should set forth such facts that would make driving under a Florida operator's license in New York State a crime. The language of the statute, which the defendant is charged with violating, does not require such facts to be alleged in the information. (*Fleming* v. *People,* 27 N. Y. 329; *People* v. *Stedeker,* 175 N. Y. 57; *People* v. *Rockwell,* 123 N. Y. S. 2d 201, 204.) If the defendant did have a valid Florida operator's license issued to him which would, in accordance with the pro-

visions of the New York Vehicle and Traffic Law, exempt him from the requirements of having a New York operator's license, he should have adduced evidence to that effect. The defendant failed to offer any evidence which would establish that he was entitled to operate a motor vehicle in New York State without having a New York operator's license. This was a matter of defense, and the defendant had an obligation of at least coming forward first with the evidence which would tend to show that he was a nonresident of this State, and also that he was entitled to enjoy the privileges afforded by subdivision 2 of section 250 of the Vehicle and Traffic Law. (*People* v. *Uzzolino*, 14 A D 2d 559; *People* v. *Dantschisch*, 153 N. Y. S. 2d 519, 526; *People* v. *Rockwell, supra.*)

The obligation of the defendant to go forward with the evidence which would tend to show that he was entitled to the benefits of reciprocity as set forth in subdivision 2 of section 250 of the Vehicle and Traffic Law, does not alter the rule that the burden of establishing the guilt of the defendant beyond a reasonable doubt upon the whole case always remains with the prosecution. (1 Wharton's Criminal Evidence [12th ed.], p. 62.)

It is the determination of this court that the information in this case is sufficient.

Defendant also urges that the sentence was excessive in that the defendant was fined $100 and was sentenced to be committed to the Orleans County Jail for 60 days. The judgment of the Court of Special Sessions of the Town of Gaines should be modified by reducing the jail sentence to the time already served and, as so modified, affirmed.