Frank E. Thomas, J.
The defendant-appellant, Keith Leslie Underwood, was arrested on September 13, 1961, charged with violating section 1180 (subd. 2, par. [a]) of the Vehicle and and Traffic Law in that it alleged he operated his motor vehicle at 26 miles per hour during the school hour in a school zone located near the Calvin Coolidge School in the City of Binghamton, Broome County, New York, at a time when the maximum speed permitted by law was 15 miles an hour. The case was brought on to trial before the Honorable Joseph W. Esworthy, City Judge of Binghamton, on the 30th day of November, 1961, after which decision was reserved and by opinion dated December 21, 1961 the court found the defendant guilty of violating the speed limit and did on December 28, 1961 sentence the defendant to pay, and he did pay, a fine of $15.
Order granting an appeal on application to the Broome Couny Court was made on the 26th day of January, 1962 and the Honorable Louis M. Greehblott, Broome County Judge, having disqualified himself previously, on or about June 29, 1962 this matter came on before the undersigned to be heard on July 25, 1962. Decision was reserved pending the receipt of brief by the respective counsel in relation thereto.
On the application for appeal, among other questions to be passed upon by the appellate court and raised by the defendant-appellant were:
(1) Whether the information was sufficient as a matter of law.
(2) Whether the decision was contrary to the weight of evidence.
(3) Whether the People proved the defendant guilty beyond a reasonable doubt.
(4) Whether the conviction was proper as a matter of law.
*500 Calvin Coolidge School is an elementary school located in the City of Binghamton, Broome County, New York, and faces on Robinson Street. The rear of the school faces on Moody Street. Bigelow Street runs near the schoolground and is located approximately 150 feet westwardly from the west line of the school and runs in a northerly and southerly direction. Robinson Street runs in a general easterly and westerly direction. Moody Street intersects Bigelow Street on the easterly side and runs easterly therefrom. There is a short street running approximately 150 feet in depth, called Platt Street, running easterly from Bigelow Street, and is located abo out midway between Robinson and Moody Streets and opens on the westerly side of the school property about opposite an exit side door from the schoolhouse. Proceeding on Bigelow Street southwardly there is a pronounced downhill grade.
The defendant testified that he was proceeding eastwardly on Frederick Street and came to a stop before entering Bigelow Street and then proceeded southwardly along Bigelow Street until he was stopped somewhere near the intersection of Bigelow and Robinson Streets. Robinson Street and Bigelow Street have considerable use and, as a result, have a rather heavy flow of traffic.
Section 1180 of the Vehicle and Traffic Law, which it is charged the defendant violated, reads as follows:
“ 2. A rate of speed by a motor vehicle or a motorcycle in excess of the maximum limits hereinafter in this subdivision provided shall be unlawful:
“(a) 15 miles an hour speed limit: All motor vehicles and motorcycles, except those restricted by this section to lower maximum speeds, when passing a school building during the school noon hour, school recess, or while children are going to or leaving school during opening or closing hours.” (Emphasis supplied.)
The information as amended was adequate. Granting of the motion to amend was proper.
Counsel for the defendant-appellant contends when passing a school building is to be interpreted to mean only when driving upon a street which bounds a school property and upon which the school property fronts. This question seems not to have been passed upon in this State. The purpose of the statute was to protect children. The law has recognized that such protection is necessary, because it is a matter of common knowledge that an infant not only lacks the adult knowledge of the probable consequences of his acts or omissions, but is wanting in *501 capacity to make effective use of such knowledge as he has. The protection of children then was the paramount thought when the statute was passed by the Legislature, and it was intended for this purpose by the Legislature and should be liberally interpreted. Bigelow Street has rather heavy traffic and is located approximately 100 feet westwardly from the school property. There is an exit door from the school into Platt Street which leads directly into Bigelow Street. A school zone had been established by the City of Binghamton embracing areas within 200 feet of the school property and signs had been posted. Defendant-appellant admits having seen these signs. There was adequate warning. (Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690, 699-700; Stevenson v. Sarfert, 310 Pa. 458; People v. Lathrop, 3 N Y 2d 551.)
Defendant-appellant contends that the decision of the court was contrary to the weight of evidence. This is largely based upon the contention that the arresting officer (traveling speed 15 miles per hour) proceeding northerly on Bigelow Street, upgraded, covered more than one half the distance from the point he first saw the defendant-appellant, to the point where he intercepted him and passed and then turned to follow him. The speed the defendant-appellant travelled or was traveling, prior to the time that the officer actually followed and clocked the speed, could change. It could be contended that the defendant-appellant upon entering Bigelow Street from Frederick Street proceeded very slowly at first and then, as he proceeded downgrade, picked up speed and was traveling more rapidly as he came down the hill. The officer’s testimony was that he followed the required distance and clocked the defendant’s speed at 26 miles an hour, and the court on reaching a decision had all the facts before it.
Essential facts to sustain proof that the defendant was guilty beyond a reasonable doubt were before the court. (People v. Pickett, 21 Misc 2d 192.)
The appellant court cannot substitute its judgment for that of the trial court. (People v. Stone, 16 Misc 2d 380.)
The judgment of conviction is affirmed.