Frank E. Thomas, J.
The defendant-appellant, Angelo J. Pupillo, was arrested on September 24,1961, charged with violation of subdivision 1 of section 1180 of the Vehicle and Traffic Law, in that it alleged that he operated his motor vehicle on Fowl an Road, a public highway, at about 45 miles per hour, which speed was greater than reasonable and prudent at that time and place, to wit, the intersection of Nowlan Road and Crocker Hill Road. The information was based upon information and belief and recited that the grounds for the said information and belief were statements and admissions made by the defendant to the complaining officer. The information further states that said acts were “ all contrary to the provision of the statute in such case made and provided ’ ’.
The defendant upon being arraigned on September 24, 1961 and being advised of his rights, entered a plea of guilty and requested deferment of sentence until September 25, 1961. On said date the court did assess the defendant a fine of $50 and the defendant paid the same. On September 28, 1961 on application of an attorney representing the defendant-appellant, the court consented to the withdrawal of the plea of guilty and set the matter down to be heard without jury on March 19, 1962. at *457 which time said matter was tried before said Justice without jury, and at the conclusion thereof the defendant was found guilty of violation of subdivision 1 of section 1180 and was fined $50, which said fine was paid.
The defendant-appellant appeals and in his affidavit of errors raises the following questions to be passed upon by the appellate court:
1. The trial court erred in failing to grant defendant’s motion to dismiss the information on the ground that subdivision 1 of section 1180 was unconstitutional in that it is too vague and indefinite.
2. The trial court erred in failing to grant defendant’s motion to dismiss the information on the ground that it was improper and that it was made on information and belief and the sources of informant’s belief were the alleged admissions made by the defendant which were not attached.
3. That the trial court erred in failing to grant defendant’s motion to dismiss the information on the grounds that it failed to state a violation of the Vehicle and Traffic Law.
4. That the People failed, as a matter of law and in fact, to prove the defendant guilty of said violation of subdivision 1 of section 1180 of the Vehicle and Traffic Law of the State of New York beyond a reasonable doubt.
Subdivision 1 of section 1180 of the Vehicle and Traffic Law of the State of New York in effect on September 24, 1961 read as follows: “ No person shall operate a motor vehicle or a motorcycle upon a public highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. ’ ’
The more serious question raised on the appeal is that subdivision 1 of section 1180 of the Vehicle and Traffic Law is unconstitutional in that it is too vague and indefinite. A motor vehicle in motion is always a potential danger to persons or property. The operation and use is regulated by licensing and insurance for the protection of citizens and their property. The qualifications of an operator of a car are regulated through operators’ licenses requiring them to meet certain qualifications in the use or operation of a motor vehicle. Laws under the police power of the State for the protection of the life, limb and property of its citizens are essential and desirable. The question to be passed upon is if or not the law as stated is definite, clear and positive to give to the citizens an unequivocal warning understandable in its language so that they may gauge the use and operation of the motor vehicle in such manner to avoid a violation of the law. *458 Previous statutes have been declared unconstitutional and the statute in question was amended to state that the speed must not be greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.
Does this overcome the objection set forth in People v. Firth (3 N Y 2d 472) in which it was stated that the previous statute then being passed upon, was too indefinite for a criminal law?
The question as to the constitutionality of subdivision 1 of section 1180 of the Vehicle and Traffic Law appears not to have been passed upon in this State, but statutes having similar words or phrases in the same vein as the statute under consideration have been passed upon in other states. (Commonwealth v. Klick, 164 Pa. Super. 449; Mulkern v. State, 176 Wis. 490; State v. Schaeffer, 96 Ohio St. 215; State v. Magaha, 182 Md. 122; State v. Coppes, 247 Iowa 1057.)
The fact that a different court or jurisdiction might have reached a different verdict is not the criterion of whether or not this statute is unconstitutional. In many other areas cases of serious criminal accusations, the jury in arriving at a verdict, must pass upon the actions of a person under given circumstances and conditions in relation as to whether or not he was justified in committing or omitting to perform an act or acts. The real test must be if or not the statute is of sufficient definiteness to advise the person that under certain circumstances he may be called upon to have his act or omission to act determined a violation of the law. The statute requires that the operator of a car shall not proceed at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. This test can be applied in evaluating the act or acts or omission to act under conditions that are actual and potential hazards at certain speeds. It is always a question of fact to be determined on all the evidence before the court if or not the case comes within the purview of the statute. Every person knows that under certain conditions the speed of a car can be dangerous and hazardous to the occupant and others using the public highway or property adjoining the same. The statute as worded is an adequate standard by which a driver’s conduct can be tested and is, therefore, held to be no abridgement of the constitutional rights of the said defendant.
The defendant-appellant claims the information defective in that it was made on information and belief, and that the basis for the information and belief was the alleged admissions made *459 by the defendant to the complainant. Where the source of the basis of the information is admissions of the defendant and it is so stated in the information, it is sufficient. (People v. Goldberg, 8 A D 2d 660.)
Another question raised by the defendant-appellant is that the information failed to state a violation of the Vehicle and Traffic Law. The information referred to the section in question. It mentions the place where the alleged violation occurred and the time it took place and the rate of speed the defendant-appellant was traveling and claimed that such speed was greater than what was reasonable and prudent. The defendant-appellant mentioned that the information should have been completed in accordance with the statute, enumerating the conditions and the failure of the defendant to have regard for the actual and potential hazards then existing. The information was sufficiently clear to inform the defendant-appellant of the violation he was accused of and it referred directly to the statute claimed to be violated and was adequate. (People v. Love, 306 N. Y. 18; People v. Cooper, 35 Misc 2d 90, 91.)
The defendant-appellant further requests dismissal on the grounds that as a matter of law and in fact, the defendant was not proved guilty of said violation of subdivision 1 of section 1180 of the Vehicle and Traffic Law of the State of New York beyond a reasonable doubt. The evidence at the trial shows that the defendant-appellant was proceeding over Nowlan Road near the intersection of Crocker Hill Road; that Nowlan Road had inclines and declines; that it was at night and there were curves in the road and by the defendant’s own admission that he was traveling 45 miles per hour; that there were skid marks approximately 80 feet in length along said road until the car left the road, and then marks led in the direction of the guardrail with which he collided and knocked over. There was other evidence as to the area conditions existing and which was adequate as a matter of law for the basis of a verdict. It was purely a question of fact for the court to determine if or not the People had established beyond reasonable doubt that the defendant-appellant had at the time and place in the operation of his automobile violated subdivision 1 of section 1180 of the Vehicle and Traffic Law of the State of New York. The appellate court cannot substitute its judgment for the trial of the facts and it was within the province of the trial court to determine the truth of the facts on the evidence before it and its determination therein is conclusive. (People v. Lukowosky, 94 Misc. 500; People v. Sheldon, 16 Misc 2d 518.)
*460 Unless the examination of the record on appeal shows that the findings of fact are clearly against the weight of the evidence, they should not he disturbed on appeal. (People v. Stone, 16 Misc 2d 380.)
The judgment is in all respects affirmed.