Oscar Murov, J.
The defendant seeks an order dismissing a misdemeanor complaint for insufficiency pursuant to OPL 170.35 and 100.40. The defendant argues 1‘ that the misdemeanor complaint does not contain a statement alleging facts of an evidentiary character supporting or tending to support the charge and every element .of the offense charged and the defendant’s commission thereof is not supported by non-hearsay allegations or supporting deposition ”.
The factual part of the complaint, sworn to by a detective investigator of the Frauds Bureau of the Suffolk County Dis *567 trict Attorney’s office, is based upon .an attached sworn deposition of one Vincent J. Guillo [sic]. Ciullo’s deposition alleges the purchase of a boat from the defendant and receipt of the defendant’s bill of sale which stated that “ This boat is free of all liens ’ ’. Approximately 18 months thereafter, said Ciullo was advised by the collection department of a bank that a note made by the defendant some three years before the sale had an outstanding balance due on it which had never been taken care of by Mr. Wiesmann ”, Mr. Ciullo alleges that he then spoke to the defendant on the telephone and directed the defendant to take care of the matter immediately ’ ’ and the defendant indicated that he would ”.
The thrust of the defendant’s attack upon the sufficiency of the complaint is focused upon the hearsay nature of the facts recited in both documents. Both the complainant and the deponent’s affidavit have alleged facts of which they possess no personal knowledge. But the People urge that the defendant’s indication that he 1 £ would take care of the matter ’ ’ was tantamount to an admission and qualifies as admissible hearsay. Does the defendant’s admission rid the accusatory instrument of the hearsay taint? Though we think it does, and we cite People v. Pupillo (37 Misc 2d 455) in .support of our view, such a finding is inessential to the conclusions reached by the court in this case.
GPL 100.40 (subd. 4), applicable to misdemeanor complaints, requires only that ££ (b) The allegations of the factual part of such accusatory instrument and/or any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory * * * instrument”. Professor Denzer’s commentary (McKinney’s Cons. Laws of N. Y., Book 11A, § 100.40, p. 404) states that a misdemeanor complaint, unlike an information, is sufficient if its allegations show reasonable cause without demonstrating a legally sufficient or prima facie case. Whether or not the allegations of the factual part together with the attached deposition would be sufficient for the purposes of an information is academic; they suffice for the purpose of the within misdemeanor complaint.
The defendant’s remaining objection, that the name Harold Wiesmann, Sr., as appears on the complaint is not the same as that recited in the supporting affidavit wherein the deponent refers to a Mr. Harold J. Weismann, is of no moment.
GPL 170.35 (subd. 1, par. [a]) provides in substance that an instrument, not sufficient on its face pursuant to GPL 100.40, *568 may not be dismissed as defective but must instead be amended where the defect or irregularity is of a kind that may be cured by amendment and where the People move to so amend.
Ever since People v. Johnson (104 N. Y. 213) and People v. Bogdanoff (254 N. Y. 16) the courts have permitted amendments to correct variances with respect to the proof of names appearing in an accusatory instrument. In Bogdanoff (supra, p. 29) the court stated that error in description or name may be “ corrected or disregarded ’ ’ and ‘1 where a defendant is indicted by a fictitious or erroneous name his true- name may be inserted whenever that is discovered”. The fundamental proposition was repeated in essence more recently by an Appellate Division decision in the Third Department permitting amendment, upon trial, of the name of a person named in a bill -of particulars so long as it was shown that the defendant was not prejudiced thereby in his defense on the merits. (People v. Trimm, 29 A D 2d 83.)
Accordingly, it is. the ruling of this court that the motion by the defendant to dismiss the complaint, be and hereby is, denied.