Alexander W. Kramer, J.
This is a motion for an order to suppress evidence on the grounds that such evidence required an adversary hearing or judicial scrutiny, prior to the arrest of defendant, and for an order dismissing the complaint on the grounds that the statute is unconstitutional; that the information fails to set forth a crime; and that the information fails to show sufficient facts as would give rise to prohahle cause that the defendant committed the crime.
An undercover detective purchased two books and one film in the bookstore allegedly managed by the defendant. He, the detective, then laid an information charging the defendant with the crime of obscenity, second degree; in violation of subdivision 1 of section 235.05 of the Penal Law; the information was the basis for the issuance of an arrest warrant by a Judge of this court on October 3, 1972. Thereafter, the police officer returned to the bookstore and arrested the defendant pursuant to the warrant.
As to the first part of defendant’s motion seeking an ordér suppressing the evidence for lack of prior adversary hearing or judicial scrutiny, the motion is denied.
In this confused and complex area of obscenity few eases have dealt with the problem now before us, i.e., whether there must be some prior judicial scrutiny of the allegedly obscene materials before an arrest may properly be made.
At the outset we dismiss the defendant’s contention that there must be a prior adversary hearing. Neither the United States Supreme Court nor our Court of Appeals has declared that a prior adversary hearing is required on the issue of obscenity even before the issuance of a search warrant. Here we are not dealing with a search warrant, but an arrest warrant.
The defendant cites in support of his position, People v. Heller (29 N Y 2d 319). That case dealt with search warrants and held thair prior judicial scrutiny to determine if there is probable cause to begin a prosecution is necessary before a search warrant may be issued. This, claims the defendant, establishes the same requirement for an arrest warrant based upon the Fourth Amendment. We do not agree; the .arrest warrant does describe particularly the person to be arrested. - Following' defendant’s argument through to its logical conclusion courts would be required to give prior scrutiny on the issue of who is to be arrested before issuing an arrest warrant as they do *126 on the issue of what is to be seized before issuing a search warrant. This is clearly a specious argument.
Also cited as support for his claim is People v. Abronovitz (31 N Y 2d 160) wherein a motion to suppress was granted on the grounds that the search warrant was so broad and general as to amount to a judicially unsupervised seizure. The convictions obtained were based on materials seized that were not mentioned in the warrant or the police officer’s affidavit. The court said (p. 164): “ The .situation differs from that considered in People v. Matherson (16 N Y 2d 509) where the material seized was regarded as incidental to a lawful arrest; and it differs also in relation to the openness of the place of seizure. Here the People conceded on the suppression hearing that two thirds of the material seized w-as taken from a storeroom where in Matherson seizure was in a place open to public access.”
Clearly, the situation here fits the exception rather than the rule in Abronovitz. In Matherson the court there allowed evidence that was seized, saying the seizure was valid as incidental to a lawful arrest even though the search warrant was defective. Other cases have held searches incidental to arrest to have been valid (People v. Peshin, 16 N Y 2d 511; People v. Lake Ronkonkoma Theatre, 59 Misc 2d 438). In none of these cases was there anything which would be considered prior judicial scrutiny to issue a valid search warrant.
Here there was no search or seizure; the police officer purchased the books and film, thereafter obtained an arrest warrant and returned to arrest defendant. This is all; that is necessary; no prior judicial scrutiny need be made before a valid arrest warrant may be issued.
As to defendant’s motion to dismiss the complaint the motion is denied.
Section 235.05 is not unconstitutional. In favor of his position defendant raised the argument that this section violates the Equal Protection Clause of the Fourteenth Amendment because of the affirmative defense provided by section 235.15 to persons disseminating obscene materials to those who have a scientific, educational or governmental justification for viewing the material.
Defendant cites in support of his position the recent Supreme Court case, Eisenstadt v. Baird (405 U. S. 438). In that casé the court affirmed the holding by the Court of Appeals that the Massachusetts law prohibiting distribution of contraceptives to single persons except to prevent disease was unconstitutional since it violated the Equal Protection Clause by providing “ dis *127 similar treatment for married an unmarried persons who are similarly situated Here there is no analogy; the statute prohibiting dissemination of obscenity and the affirmative defense provided does not amount to dissimilar treatment for those similarly situated. Persons named in section 235.15 as having scientific, educational, or governmental justification for purchasing obscene material are not similarly situated to persons who do not have this justification.
In a decision by our Judge Newmark, dated January 24, 1972 (People v. Kokich, Index No. 9001-72) the court refused to hold this statute unconstitutional. In defendant’s memo at that time he advanced the same argument in favor of holding the obscenity statute as violative of the Equal Protection Clause. The court held the statute to be constitutional citing in support of this finding Overstock Book Co. v. Barry (436 F. 2d 1289) and People v. Abronovitz (62 Misc 2d 1069, affd. 31 N Y 2d 160).
Also in Astro Cinema Corp. v. Mackell (422 F. 2d 293, 297) the Second Circuit refused to hold the obscenity statute unconstitutional, saying: “It appears settled that unless the statute under which the prosecutions are initiated is unconstitutional on its face, or the statute is applied in bad faith ‘ for the purpose of discouraging protected activities, ’ the federal courts [will not enjoin proceedings or declare a statute unconstitutional]
The Westchester County Court in People v. Steinberg (60 Misc 2d 1041) refused to hold the New York obscenity statute unconstitutional. There the defendant claimed that any statute which makes the peaceful promulgation of any idea criminal is unconstitutional. The court disagreed and repeated the established holding that obscene publications have never been within the protection of the First and Fourteenth Amendments saying (supra, p. 1047): ‘ The public has a right to be protected against the promotion of obscene material, whether by film or otherwise. ”
Defendant further seeks an order dismissing the complaint claiming the information was insufficient in that it fails to set forth a crime and it fails to set forth sufficient facts to give rise to probable cause that defendant committed the crime.
The information is sufficient. It meets the requirements of CPL 100.40 which are: first that the information substantially conform to section 100.15. The information does meet this standard containing the proper information as to the court and the title of the action; also the accusatory part does designate the offense charged; finally the factual part contains nonhearsay allegations which tend to support the charge. Further in compliance with section 100.40 the allegations do provide reasonable *128 cause to believe the defendant committed the crime. The police officer states upon his own knowledge that the defendant is, the manager of the book store; more is not required. There is no necessity for proof of this allegation; that is left to trial. Lastly CPL 100.40 (subd. 1, par. [c]) required that the nonhearsay allegations establish if true every element of the offense charged. The crime charged, subdivision 1 of section 235.05 of the Penal Law, provides that a person is guilty of obscenity in the second degree when he, knowing the contents and .character, promotes or possesses with intent to promote obscene materials. Here if the statements offered by the police officer are proven true they will establish each of these elements — that the defendant knew of the contents of the materials, offered them for sale, and that the materials were obscene.
Defendant asserts that the statements concerning the contents of the materials in question are not sufficient to show they are obscene. It is not within the scope of this motion to make a determination as to the obscenity of these articles, despite the list of cases cited by the defendant to show that certain materials are not obscene. As has been said in numerous eases a general rule of thumb as to what constitutes obscenity cannot be laid down. Each case must be determined on its own, as Mr. Justice Harlan said in Roth v. United States (354 U. S. 476, 497) “Every communication has an individuality and ‘ value ’ of its own ’ ’. Therefore the determination of whether or not the material in question is or is not obscene must be left for trial.
Cases have held that an information is sufficient if it informs defendant of the nature of the charge against him so that he can prepare for trial and to prevent him from being tried again for same offenses.- (People v. Schultz, 301 N. Y. 495; People v. Cooper, 35 Misc 2d 90.) The information here suffices to so inform defendant, and therefore the motion to dismiss is denied.
The defendant’s motion is, in all respects, denied. I