Edward O. Provenzano, J.
Factually, it appears that on March 3, 1971, a member of the Police Department of the City of Rochester, and a member of the District Attorney’s .office of Monroe County, New York, purchased the magazines entitled, Swappers, Blazing Films, and Encyclopedia of Sex Facts at the defendants’ bookstore in the City of Rochester, New York. These magazines were thereafter taken to a Judge of the City Court of the City of Rochester, New York, who thereupon made an ex parte determination that these magazines were obscene in violation of section 235.05 of the Penal Law of the State of New York.
Based upon this determination of obscenity, application was made for a search warrant. Pursuant to this application the City Court Judge authorized an immediate search of the defend *572 ants’ bookstore for magazines and photographs and books and to seize six copies of each of Swappers, Biasing Films, and Encyclopedia of Sex Facts, or magazines similar thereto.
On March 9, 1971 the search warrant was executed and 371 books and magazines were seized. Of the 371 items seized, 3 were copies of the publication entitled Encyclopedia of Sex Facts. Both defendants were charged with a violation of subdivision 1 of section 235.05 of the Penal Law of the State of New York.
By notice of motion dated May 10, 1971 defendants moved for an order vacating the search warrant and restraining and precluding the People from use of the seized evidence upon the trials of these cases, and compelling the return of all items seized. On June 15, 1971 the City Court Judge held that a prior adversary hearing was not held as required, and ordered all of the items suppressed as evidence. An order to that effect was entered on July 12,1971. A notice of appeal from said order was filed in the office of the Clerk of Monroe County on August 11, 1971.
Because an appeal was pending in the New York Court of Appeals of another case involving the defendants (People v. Abronovits, 62 Misc 2d 1069) which was to be argued on June 1,1972 involving identical issues with the ease before this court, it was agreed by the parties that there would be no argument of the case on this appeal, but that the parties would await the decision by the Court of Appeals.
Respondents submitted a brief accompanied by a transmittal letter dated May 26, 1972. This court received said brief and letter on May 31, 1972. On July 7, 1972, the Court of Appeals decided the case referred to above. (People v. Abronovits, 31 N Y 2d 160.) On May 17, 1973, this court received the People’s response to respondents’ brief. To date there has been no reply from respondents. Accordingly, this court deems this appeal finally subhiitted.
It is conceded that the only issue raised on this appeal, and the only question to be determined by this court, is whether an adversary hearing is necessary prior to the seizure of books and magazines in obscenity prosecutions.
In People v. Kohich (72 Misc 2d 124), the court held that neither an adversary hearing nor prior judicial scrutiny of the alleged obscene material was required before the issuance of an arrest warrant and an arrest thereon.
In People v. Abronovits (31 N Y 2d 160,165, supra), the court said: ‘ ‘ The Supreme Court reiterated the need for judicial *573 supervision of seizure of material charged as obscene in Lee Art Theatre v. Virginia (392 U. S. 636); and although this court has not read that decision as requiring an adversary hearing before a warrant issues (People v. Heller, 29 N Y 2d 319) it has undoubtedly become a settled principle that a Judge must decide preliminarily whether the particular material on which he is asked to authorize seizure is obscene and that this must not be left open to the judgment of the police.
“ This court again emphasized the need for such judicial . supervision in Heller, as the Appellate Division, Fourth Department, did in People v. Hughes (31 A D 2d 235) and in Stengel v. Smith (18 A D 2d 458).” The quoted words appear to imply, and this court infers therefrom and determines, that an adversary hearing is not required before a search warrant is issued and executed; but that prior judicial supervision is required.
The record on appeal herein shows that the City Court Judge did exercise judicial supervision as to the publications titled Swappers, Biasing Films and Encyclopedia of Sex Facts — but not as to the other titled publications listed in the “ return ” of the search warrant.
Accordingly, that part of the City Court order vacating the search warrant, suppressing the use of, as evidence on trial, and directing the return to the defendants of the three copies of the publication titled Encyclopedia of Sex Facts, is reversed on the law and facts; that part of the City Court order suppressing the use of, as evidence on trial, and directing the return to the defendants of those publications listed in the “ return ” of the search warrant (those publications not judicially supervised by the City Court), is affirmed; the matter is remanded to the City Court of Rochester, Criminal Branch, for appropriate action in accordance with this decision and the requirements and formalities of law.