563 P.2d 918

**STATE of Arizona, Appellee,**

v.

**James David RICH, Appellant.**

No. 1 CA–CR 2162.

Court of Appeals of Arizona,
Division 1,
Department C.

April 19, 1977.

M. Louis Levin, City of Phoenix Prosecutor by Sandra K. McGee, Asst. City Prosecutor, Phoenix, for appellee.

Craig & Rich by Harry E. Craig, Phoenix, for appellant.

OPINION

FROEB, Chief Judge.

On January 6, 1976, the appellant was charged with violating A.R.S. § 28–701(A), driving at a speed greater than reasonable or prudent. On the traffic citation it was stated that the "approximate speed" of appellant's vehicle was 65 miles per hour and the "lawful speed" was noted as 35 miles per hour. After conviction in the City Court of Phoenix and affirmance by the Superior Court, this appeal followed. Appellant frames the issue as "whether A.R.S. § 28–701(A), standing alone as the sole basis for a charged criminal violation, is unconstitutionally vague and indefinite"? The statute attacked by the appellant states:

A. No person shall drive a vehicle on a highway at a speed greater than is

reasonable and prudent under the circumstances, conditions, and actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to exercise reasonable care for the protection of others.

B. Except as provided in subsections C and D or where a special hazard requires a lesser speed, any speed in excess of these speeds shall be prima facie evidence that the speed is too great and therefore unreasonable and unlawful:

1. Fifteen miles per hour approaching school crossing.

2. Twenty-five miles per hour in any business or residential district.

3. Sixty-five miles per hour in other locations.

C. The speed limits set forth in this section may be altered as authorized in §§ 28–702 and 28–703.

D. The maximum lawful speed as provided in this section shall be reduced to that which is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, such as when:

1. Approaching and crossing an intersection or railroad crossing.

2. Approaching and going around a curve.

3. Approaching a hill crest.

4. Traveling upon any narrow or winding roadway.

5. Special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

E. No person shall drive a motor vehicle at a speed that is less than that which is reasonable and prudent under existing conditions.

A.R.S. § 28–701.

Other states, faced with an argument similar to that presented by appellant in this case, have upheld speeding laws which were substantially similar to our basic speed law set forth in paragraph (A) above of A.R.S. § 28–701. See, e. g., *People v. DeCasaus*, 150 Cal.App.2d 274, 309 P.2d 835 (1957); *People v. Pupillo*, 37 Misc.2d 455, 235 N.Y.S.2d 522 (1962). In the latter case in upholding a statutory scheme similar to that set out in (A), the court, in *People v. Pupillo*, supra, stated:

The real test must be if or not the statute is of sufficient definiteness to advise the person that under certain circumstances he may be called upon to have his act or omission to act determined a violation of the law. The statute requires that the operator of a car shall not proceed at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. This test can be applied in evaluating the act or acts or omission to act under conditions that are actual and potential hazards at certain speeds. It is always a question of fact to be determined on all the evidence before the Court if or not the case comes within the purview of the statute. Every person knows that under certain conditions the speed of a car can be dangerous and hazardous to the occupant and others using the public highway or property adjoining the same. The statute as worded is an adequate standard by which a driver's conduct can be tested and is, therefore, held to be no abridgement of the constitutional rights of the said defendant. 235 N.Y.S.2d at 525.

However, it must be observed that our statute contains additional provisions setting forth speed limits or the authorization to create speed limits which establish prima facie safe speeds. Appellant, in his opening brief, recognizes that a statutory scheme which prohibits both a speed greater than is reasonable and prudent and sets presumptive reasonable speed limits is not subject to the vagueness attack which he has interposed against this statute. See, e. g., *Gano v. State*, 466 S.W.2d 730, 731 (Tex.Cr.App. 1971); *State v. Gabriau*, 113 R.I. 420, 322 A.2d 30 (1974). Nevertheless, appellant argues that since he was charged here only with a violation of A.R.S. § 28–701(A), the charge was unconstitutionally vague. He

argues that a defendant must be charged under paragraph (B) in order to cure the vagueness defect. We disagree.

The statutory provisions that establish or permit the establishment of prima facie safe speed limits are rules of evidence and not rules of substantive law. They raise rebuttable presumptions, which may be overcome by evidence. *State v. Trimming,* 89 Idaho 440, 406 P.2d 118 (1965); see, *People v. Banat,* 39 Cal.App.2d Supp. 765, 100 P.2d 374 (1940). Driving over the posted speed limit merely creates a presumptive violation of the basic speed law, i. e., the legislature has expressed its intent that speeds in excess of the prima facie limits be considered evidence of speeds greater than are prudent and reasonable and that such driving upon a public highway, at such speed, endangers the life, limb or property of another.

The complaint, having charged the substantive offense set forth in the statute (§ 28–701(A)), was sufficient to notify the appellant of the offense. We hold that A.R.S. § 28–701 does not suffer from a constitutional defect of vagueness.

The judgment and sentence are affirmed.

JACOBSON, P. J., and OGG, J., concurring.