Scott C. Smith, Esq. Informal Opinion No. 99-15 Corporation Counsel City of Canandaigua 20 Gorham Street Canandaigua, New York 14424
Dear Mr. Smith:
You have requested an opinion regarding whether the City of Canandaigua may establish a fifteen-mile-per-hour speed limit on a city street that dead-ends at the edge of school district property, but does not pass a school building. You informed us that the building line of the school building is eighty-five feet from the stub end of the street.
Initially, we note that the power to control and regulate the public highways rests with the State Legislature. Vehicle and Traffic Law §§1603, 1604; People v. Grant, 306 N.Y. 258 (1954). A local government can legislate on matters pertaining to highways only pursuant to a specific delegation of authority from the Legislature. Id. Article 39 of the Vehicle and Traffic Law empowers cities and villages to regulate certain aspects of traffic within their boundaries. Vehicle and Traffic Law §§ 1640-1645.
Vehicle and Traffic Law § 1643 provides cities and villages with the authority to enact local laws, ordinances, orders, rules or regulations establishing maximum speed limits on highways within such cities and villages. Specifically, section 1643 authorizes cities and villages to establish speed limits as low as fifteen-miles-per-hour on "any portion of a highway passing a school building for not more than three hundred feet in either direction from the building line of a school abutting on the highway. . . ." Vehicle and Traffic Law § 1643.
The language of the statute is clear. A city or village may only establish a fifteen-mile-per-hour speed limit on a highway that passes a school building. The city street at issue dead-ends at the edge of school district property, but does not pass a school building. Therefore, even though the provision in question is to be construed liberally (People v.Underwood, 36 Misc.2d 498, 501 [Broome County Ct 1962]), because the city street does not in any sense pass a school building, we are constrained to conclude that the City may not establish a fifteen-mile-per-hour speed limit on this street. The comprehensive preemption of regulation of the streets and highways provides little flexibility. Local governments may regulate streets and highways only pursuant to a specific grant of authority by the Legislature. We note, however, that there is authority to place "school child" warning signs on streets in accordance with Department of Transportation regulations. 17 NYCRR § 236.1. "School child" signs are used "to warn of crossing locations, or roadway sections, regularly used by substantial numbers of pedestrian (or bicycling) school children traveling to and from school." 17 NYCRR § 236.1(a)(1). Specifically, the "school child" sign "provides advance warning of crossing locations, or roadway sections, and informs motorists of their use by pedestrian school children." 17 NYCRR § 236.1(a)(1)(i). The City can place a "school child" warning sign on the street at issue if it falls within the above authorization.
Also, the City can request that the Legislature provide authority for a lower speed limit.
We conclude that the City of Canandaigua may not establish a fifteen-mile-per-hour speed limit on a city street that dead-ends at the edge of school district property, but does not pass a school building. However, the City may be able to warn motorists of the presence of school children by placing a "school child" warning sign on the street.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE, Assistant Attorney General