(54 South. 577.)

No. 18,586.

STATE v. CONRADI.

(Feb. 13, 1911. Rehearing Denied March 13, 1911.)

*(Syllabus by the Court.)*

THREATS (§ 5*)—SENDING THREATENING LETTERS—INDICTMENT.

Under Act 110 of 1908, relative to the sending or delivering of threatening letters with intent to extort money, etc., the indictment or information should set forth the alleged letter according to its tenor, and an English translation of the same, if it is in a foreign language.

[Ed. Note.—For other cases, see Threats, Cent. Dig. §§ 9, 10; Dec. Dig. § 5.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Joseph Conradi was convicted of sending threatening letters and he appeals. Reversed, and defendant discharged.

H. N. Gautier, for appellant. Walter Guion, Atty. Gen., L. H. Marrero, Jr., Dist. Atty., and R. G. Pleasant, Asst. Atty. Gen. (John E. Fleury, of counsel), for the State.

LAND, J. The information charges that the accused on or about July 13, 1910—

"did willfully, feloniously, and knowingly send and cause to be delivered and received by Rev. Theophile Stenmens a letter threatening to accuse him * * * of immorality and of the commission of immoral acts, and, further, did make said statements public, and to injure and to impair his good name and reputation, and to cause him to become subjected and liable to public scandal and to subject him to scandalous notoriety with the intent to extort from the said Theophile Stenmens a promise and obliga-

tion to release the said Joseph Conradi and grant him immunity from the charge of wrongful acts in his capacity as architect and superintendent of the New Catholic Church being constructed in Gretna, in this parish, and with the further intent to extort money from the said Theophile Stenmens, contrary. * * * "

This information was indorsed:

"Information for violating Act 63 of 1884."

The accused was tried under Act No. 110 of 1908, amending and re-enacting section 1 of Act 63 of 1884, by making punishment at hard labor compulsory for a term of not less than 1 nor more than 20 years.

The accused was tried, convicted, and sentenced to the penitentiary for three years.

The accused has appealed, and relies for reversal of the verdict and sentence on numerous bills of exception and an assignment of errors.

The accused filed a motion to quash the information, which was overruled.

The motion to quash is, in substance, that the information charges in one and the same count blackmail and slander, and fails to describe with sufficient certainty the threats charged, and in what consists the wrongful acts for which immunity was sought, and the character, amount, and ownership of the money intended to be extorted.

Section 1 of Act 110 of 1908 denounces a number of cognate offenses, the first of which is the sending or delivering of any letter, card, writing, or printed matter to another threatening to accuse him or cause him to be accused of any crime, offense, or misdemeanor, or to charge him with any fault, infirmity, or failing, or to publish or make known his faults, misfortunes, or infirmities or failings, or to injure or impair his good name, reputation, or credit, or to in any manner cause him to become subjected or liable to any public scandal or public ridicule or to subject him to any scandalous notoriety "with intent to extort money, goods, chattels, or any promise of money, or the transfer or delivery of any money or

other valuable thing whatsoever, or any release, benefit, advantage or immunity."

The information charges that the letter threatened to accuse Rev. Stenmens of immorality and immoral acts, "and, further, did make said statements public."

Under the statute the first charge is applicable only to a "crime, offense, or misdemeanor," and it does not appear that the alleged immoral acts were of that character. The second charge is not embraced in the statute, which covers only threats to publish. The information is defective in other particulars, but the radical defect in the information is that it does not set forth either the substance or tenor of the alleged threatening letter. Where words constitute an offense, as in slander and libel, they should be specifically set forth. Threats to slander or libel fall within the same rule. The description of an instrument is another matter, covered by Rev. St. § 1051.

The tenor of the alleged letter should have been set forth in the information. The letter was written in German.

"Where a written instrument is in a foreign language, the proper course is to give, first, an exact copy of the original and then follow it with an English translation." Bishop, Crim. Proc. § 564.

Bishop says that the approved form of a statutory indictment for sending or delivering threatening letters runs as follows:

"Knowingly and feloniously did send one X. a certain letter, directed to said X., by the name and description of Mr. X., demanding money from the said X., with menaces, and without any reasonable or probable cause; and which letter is as follows, that it is to say, etc. [setting it out verbatim]."

And adds:

"It is perceived that within a distinction already explained the letter in this precedent is set out by its tenor, not its mere substance; and such method appears to have been adjudged essential"—citing Rex v. Lloyd, 2 East P. C. 1122, 1124; Tynes v. State, 17 Tex. App. 123.

See 2 New Criminal Procedure, §§ 1025, 1026.

McClain says:

"If the offense to be charged consists of sending a threatening letter, the letter should be set out."

See 1 Criminal Law, § 740. The same writer gives the following form of indictment, viz.:

"Threatening Letter.

"That A. B., at —— on —— with intent feloniously to extort money and property from one E. L., did then and there willfully, unlawfully, and feloniously send to said E. L. a certain letter in writing, the wording of which did express and imply and was adapted to imply a threat to impute to the said E. L. disgrace and to expose the same, which said letter and writing was then and there in the words and figures following, to wit. [Here the letter is set out.]" Id. § 742.

We adopt this rule of practice as necessary to inform the accused of the nature of the charge and thereby enable him to challenge its sufficiency by plea, and to prepare for his defense on the merits.

It is therefore ordered that the verdict and sentence below be set aside, that the information be quashed, that the bond of the accused be canceled, and that he be discharged without day.