## 43545.   LEE v. THE STATE.

BELL, Presiding Judge. Defendant took this appeal from the judgment of the trial court overruling his demurrers to an indictment for blackmail. Count 1 of the indictment alleged in part that defendant "did attempt to extort $5,000 in money from said Dr. . . . by threatening to expose and publish . . . that the said doctor had been guilty of certain criminal and unethical medical practices, illegal and immoral personal activities." Count 2 alleged in part that defendant "did demand that . . . Dr. . . . release his son from custody and that Dr. . . . cooperate fully with . . . [defendant] or otherwise he would expose and publish . . . that the said doctor had been guilty of certain criminal and unethical medical practices, illegal and immoral personal activities . . ." One ground of demurrer attacked both counts of the indictment for failure to state the alleged threats with particularity. Held:

Threats which may amount to blackmail under Code § 26-1801 are threats to "accuse another of a crime or offense, or expose or publish any of his or her personal or business acts, infirmities, failings, or compel any person to do any act, or to refrain from doing any lawful act, against his will." The indictment here described the threats in general terms embraced by the statute. The general rule is that an indictment is sufficient in form if it states the offense in the terms and language of the Code or so plainly that the nature of the offense charged may easily be understood by the jury. Code § 27-701. But an accused has the right to know enough of the particular facts

constituting the alleged offense to enable him to prepare for trial. *Johnson v. State,* 90 Ga. 441, 444 (16 SE 92); *Mell v. State,* 69 Ga. App. 302, 303 (25 SE2d 142). Where the statutory definition of an offense includes *generic* terms, the indictment must state the *species* of acts charged; it "must descend to particulars." *Harris v. State,* 37 Ga. App. 113, 114 (138 SE 922); *Roberts v. State,* 54 Ga. App. 704, 705 (188 SE 844); *Ramsey v. State,* 85 Ga. App. 245, 247 (69 SE2d 98); 4 Wharton's Criminal Law and Procedure, 626 (1957 Ed.), § 1797. Cf., *Cragg v. State,* 117 Ga. App. 133, 134 (159 SE2d 717). Thus an indictment based on a threat amounting to blackmail under *Code* § 26-1801 must allege the threat with such clearness and certainty as to apprise the accused of the particular act or words or writing which is the gist of the offense. The indictment should set forth the threat either in haec verba or in substance. See 86 CJS 802, Threats, § 20 (d); State v. Smith, 182 Ore. 497 (188 P2d 998); Goulding v. State, 126 Tex. Cr. 73 (70 SW2d 200); cf., State v. Conradi, 128 La. 105 (54 S 577). The court erred in overruling the fifth ground of demurrer to both counts of the indictment.

The remaining grounds of demurrer are moot.

*Judgment reversed. Hall and Quillian, JJ., concur.*

Argued April 2, 1968—Decided May 9, 1968.

*Kopp & Peavy, J. Edwin Peavy, Gibson, McGee & Blount, J. Baker McGee, Jr.,* for appellant.

*Delman L. Minchew, Solicitor, E. Kontz Bennett,* for appellee.