## 57273. THE STATE v. BLACK.

McMurray, Judge.

Defendant was indicted for the offense of "Vehicle Homicide (68A-903)" in that, "while operating a motor vehicle on and over said public road and highway, known as State Route No. 11, in a reckless manner, to wit: failing to yield right of way, did unlawfully and without malice aforethought" cause the death of the deceased person. Defendant demurred to the indictment as follows: (1) a special demurrer for the reason that "it is not therein stated whether he is charged with Vehicle Homicide in the first degree or Vehicle Homicide in the second degree"; (2) a special demurrer for the reason that the indictment does not specify what section of Title 68A this defendant is charged with violating in allegedly causing the death of another person; and (3) a general demurrer attacking the constitutionality of Code Ann. § 68A-901 (a) which provides that any person who drives any vehicle in reckless disregard for the safety of persons or property is guilty of reckless driving, contending it deprives him of life, liberty or property without due process of law. After a hearing the two special demurrers were sustained. However, the court overruled and disallowed the general demurrer as made since the court was in doubt as to whether or not the wording of the indictment constituted an allegation that the defendant was in fact in violation of Code Ann. § 68A-901 (a) "but that as made said general demurrer is . . . denied." The state appeals. Held:

1. In 1974 (Ga. L. 1974, pp. 633-699) the Georgia Code was amended by adding thereto a voluminous comprehensive statute known as "The Uniform Rules of the Road Act." In 1976 Code § 68A-903 was amended striking same in its entirety to redefine homicide by vehicle in the first degree and homicide by vehicle in the second degree. See Ga. L. 1976, pp. 977, 978.

Consequently, Code Ann. § 68A-903 (a), supra, amounts to a felony in the event the accused without malice aforethought causes the death of another person through the violation of Code § 68A-901, supra (in driving a vehicle in reckless disregard for the safety of persons or property), Code § 68A-902, supra (driving with ability impaired by alcohol or drugs), or Code Ann. § 68A-904 (fleeing or attempting to elude a police officer), (amended, Ga. L. 1978, p. 1483, effective July 1, 1978 — the date of the incident here occurring in 1976). All other violations of Title 68A, supra, other than a violation of the above three sections, in which the accused causes the death of another person without intention to do so is declared to be guilty of homicide by vehicle in the second degree and punishable as for a misdemeanor.

2. The indictment here charges "Vehicle Homicide (68A-903)," that the defendant caused the death of the deceased person while operating a motor vehicle "in a reckless manner, to wit: failing to yield right of way." Clearly the statute involves two grades of homicide, and one cannot ascertain for which grade he has been indicted. If the indictment fails to use the language of the statute, it must be determined by the allegations. See *Disharoon v. State,* 95 Ga. 351, 356 (22 SE 698); *Lee v. State,* 184 Ga. 327 (2) (191 SE 256); *Turner v. State,* 233 Ga. 538 (212 SE2d 370). Thus the true criterion as to the sufficiency of an indictment is the description of the crime charged rather than the description and number of the statute under the Code or the law. *Curtis v. State,* 80 Ga. App. 244 (1b) (55 SE2d 758); *Perkins v. State,* 29 Ga. App. 278 (2) (115 SE 27). However, the true test of the sufficiency of the indictment is not "whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' " *Walker v. State,* 146 Ga. App. 237, 241 (246 SE2d 206) and cits.

3. The defendant is entitled to know the particular facts constituting the alleged offense to enable him to

prepare for trial. *Johnson v. State,* 90 Ga. 441, 444 (16 SE 92); *Mell v. State,* 69 Ga. App. 302, 303 (25 SE2d 142); *Harris v. State,* 37 Ga. App. 113, 114 (138 SE 922); *Roberts v. State,* 54 Ga. App. 704, 705 (188 SE 844); *Ramsey v. State,* 85 Ga. App. 245, 247 (69 SE2d 98); *Lee v. State,* 117 Ga. App. 765 (162 SE2d 229).

4. The offense here under Code Ann. § 68A-904 (a) or Code Ann. § 68A-904 (b) is purely statutory and has no relation to the common law. Charging the defendant in either the terms of the statute (Code Ann. § 68A-903 (a) or (b)) would be sufficiently full and complete to put him upon reasonable notice of what he is called upon to meet, that is, a felony or a misdemeanor. See *Barton v. State,* 79 Ga. App. 380 (1), 382 (53 SE2d 707). By charging in an indictment a crime capable of being committed in more than one way, a failure to charge the manner in which the crime was committed subjects the indictment to a proper special demurrer. See *Barton v. State,* 79 Ga. App. 380, supra. Here the offenses set forth in Code Ann. § 68A-903, supra, are violations of purely statutory offenses and not offenses penalized under the common law. Therefore, the language of the indictment must follow more closely the language of the statute and be restricted by it more than a common law offense. The defendant must be apprised by the indictment with reasonable certainty of the nature of the charge against him to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. See *Kyler v. State,* 94 Ga. App. 321 (3), 323 (94 SE2d 429). Here the defendant demanded and is entitled to an indictment at the hands of the grand jury which is perfect in form and substance, that is, stated in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury and the particulars are such as to enable the defendant to prepare for trial. Here the law defines two separate types of homicide by vehicle (first and second degree, or a felony and a misdemeanor). The giving of the Code section is not sufficient if the indictment merely charges vehicle homicide and does not set forth that it is of the first degree or second degree, and in reading the allegations we are unable to determine if the reckless manner, "failing to

yield right of way," amounts to driving the vehicle "in reckless disregard for the safety of persons or property" or charges the defendant with a mere misdemeanor, that is, some other violation of "The Uniform Rules of the Road Act." The indictment is subject to the special demurrers, and the trial court did not err in sustaining them.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED FEBRUARY 13, 1979 — DECIDED MARCH 16, 1979.

*Sallie Rich Jocoy, Assistant District Attorney, Peugh & Bradley, Wayne B. Bradley,* for appellant.

*Frank D. Farrar, Jr., Denmark Groover, Jr.,* for appellee.