## 35587. WILSON v. THE STATE.

BOWLES, Justice.

The Grand Jury of Upson County, Georgia indicted appellant for the offenses of homicide by motor vehicle in the first degree, violation of Georgia Controlled Substances Act, four counts of failure to stop for stop sign, driving on the left half of a roadway and speeding. Defendant entered pleas of not guilty to each of these charges, but upon trial a jury convicted him of each separate charge. Following sentencing, he appeals to this court.

### Statement of Facts

Appellant Mark Cameron Wilson had for a period of time been dating one Tonya Brown, who was the homicide

victim. On January 5, 1979, he came to the home of deceased in order to pick her up for a date. The evidence revealed that appellant was on his way to Atlanta to obtain marijuana. Upon leaving the Brown residence to go to Atlanta, he rode around for a time in Upson County, Georgia, accompanied by the deceased and her cousin, Sherry Barfield. Miss Barfield had been asked by the deceased to ride with her in an effort to dissuade appellant from going to Atlanta. Appellant and the deceased left Miss Barfield at her residence about 8:30 p. m. Approximately three hours later appellant and the deceased were seen on U. S. Highway 19-41 in Spalding County, Georgia, by appellant's friends Cindy O'Neal and Ricky White. At that time appellant was driving his automobile. Following conversation on the roadside, appellant was seen to get back in his car on the driver's side and leave in the direction of Thomaston, Georgia. A short while later this same vehicle was traveling on Victor Road in Upson County when a deputy sheriff's unit, responding to a call in the area, met appellant's white sports car when it came over a hill and forced the deputy's unit off the road. At the time, appellant's car was on the wrong side of the road and traveling at an excessive rate of speed. While the deputy could not identify who was driving he did determine that there were two individuals in the car. He immediately turned, gave chase, and alerted other officers in the area. He kept appellant's car in sight during the chase and testified that the vehicle ran four stop signs while traveling continuously on the wrong side of the road and maintaining speeds in excess of 80 miles per hour. On several occasions appellant's car went airborne due to the high rate of speed and the dips in the road. The deputy, upon approaching a hill, noticed what appeared to be lights flashing in the trees. When he topped the hill he saw appellant's vehicle had run into an embankment and begun flipping from side to side on the wrong side of the road. During one of the revolutions a body was seen to be thrown from this automobile and came to rest some 72 feet below the place where the vehicle finally stopped. The deputy, upon approaching the wrecked vehicle, found appellant sitting beside his automobile. Appellant at that point told the deputy that

he and his girlfriend had had an argument and that was why he had tried to outrun him. The body some distance away was identified as Tonya Brown and she subsequently died from massive internal injuries suffered in the wreck. Three bags of marijuana were found in close proximity to the vehicle. Evidence was introduced that the marijuana was contained in cellophane packages, lying within a circle where other debris of the automobile had been strewn and did not appear to have been in the area for any extended period of time based on the condition of the packaging. Evidence showed further that no other person had been in the vicinity of the automobile at the time the marijuana was found. A reconstruction expert, after laying a proper foundation, testified that in his opinion appellant had been driving the vehicle at the time of the wreck.

*Assignments of Error*

(1) The substantive part of the homicide indictment follows: "In the name and behalf of the citizens of Georgia, charge and accuse Mark C. Wilson with the offense of homicide by motor vehicle in the first degree for that the said accused in the county aforesaid on the 6th day of January, 1979, did then and there, unlawfully and with force and arms without malice aforethought cause the death of one Tonya Brown, a human being, through the violation of Title 68A-901, to-wit: reckless driving, contrary to the laws of said state, the good order, peace and dignity thereof." To this indictment defendant filed a general demurrer contending that Code § 68A-901 is unconstitutional for vagueness, indefiniteness and incapability of being construed in that it lacks any standards by which the reckless driving statute is to be determined. The trial court overruled the demurrer. Appellant assigns error on that ruling, and the subsequent conviction under that indictment.

Appellant argues that *Hayes v. State,* 11 Ga. App. 371 (75 SE 523) (1912) demands a finding in his favor. The substantive holding of that case follows:

"(2) A penal law which is of doubtful construction and in which the act denominated as a crime is described in terms so general and indefinite as to make the question of criminality dependent upon the idiosyncrasies of the

men who may happen to constitute the court and jury, and is of such a nature that honest and intelligent men are unable to ascertain what particular act it seeks to condemn, is incapable of enforcement and will be held to be null and void."

With that, the Court of Appeals held that an Act of the legislature (Ga. L., 1910, p. 92) regulating and making penal the operation of an automobile on one of the highways of this state "at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person, or safety of any property," is too uncertain and indefinite in its terms to be capable of enforcement. The decision goes on to hold: "(4) A city ordinance which undertakes to make punishable the operation of an automobile upon one of the streets of the city 'in a careless or reckless manner' is null and void, because it fails to sufficiently define the prohibited act."

Although *Hayes,* supra, has not been specifically overruled, it has been severely criticized, and apparently distinguished in *Ray v. State,* 47 Ga. App. 22 (169 SE 538) (1933), where Judge Guerry wrote: "While this is the rule adopted by the courts of review of this State, it may be well to state that it is not in accord with the rule adopted in a majority of the States, and a statute similarly worded is held in other States to be sound, and not too vague and uncertain. They say further, that, after all, juries are and should be the judges of the particular facts of each case, and the fact that one jury might decide one way and another jury the other is no reason to declare a law null and void." *Ray,* supra, went on to hold valid a statute regarding the duty of the operator of an automobile (Ga. L. 1927, p. 237): "[O]vertaking and desiring to pass a vehicle shall blow his horn, and the operator of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as reasonably possible to the right in order to allow free passage on the left side of his vehicle."

Although the operation of automobiles and law with respect thereto has been developed largely in the Twentieth Century, Webster's, Third New International Dictionary assigns a precise meaning to the term "reckless driving" as follows: "Driving that evidences a

deliberate or culpably negligent disregard of life and property and creates an unreasonable risk of harm to others."

Mathematical certainty is not always obtainable, and in our judgment is not necessarily a prerequisite to the adoption of a statute. Reasonable certainty of the nature of the offense and the causes of the offense is all that is required. (Compare *Gaines v. State,* 80 Ga. App. 512 (56 SE2d 772) (1949) in which a majority of the Court of Appeals followed a rule based on reasonable certainty and where two judges of that court contended that *Hayes,* supra, is the proper rule to be applied.)

As was said in Rose v. Locke, 423 U. S. 48, 49, 50 (1975), "This prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness for '[i]n most English words and phrases there lurk uncertainties.' . . . All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." Compare *Mixon v. State,* 226 Ga. 869, 870 (178 SE2d 189) (1970). It appears that *Hayes* should be somewhat limited in its holding to the particular facts of that case and the statute under consideration which was an attempt to set a limit on speed without any criteria for doing so.

A criminal statute is sufficiently definite if its terms furnish a test based on normal criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command. *Mixon v. State,* supra. It would seem that the statute now under attack would reasonably meet that test. Reckless driving under a previous act of the legislature (Ga. L. 1939, pp. 295, 296) in which substantially similar language to the present act was used, was approved in *Lancaster v. State,* 83 Ga. App. 746 (64 SE2d 902) (1951).

We conclude that Georgia's reckless driving statute as set forth in Code Ann., § 68A-901 (a) is sufficiently definite to inform a person of common intelligence as to when he is violating the law. See our recent decision in

*Horowitz v. State,* 243 Ga. 441 (254 SE2d 828) (1979).

(2) Appellant's second enumeration of error, following his objection to the charge of the court of Code Ann. § 68A-901 on the ground that the definition of reckless driving is vague and indefinite, is controlled by our holding in the preceding division, and is without merit.

(3) Appellant contends that the court should have directed a verdict in his behalf on the indictment charging that he did "knowingly control and possess marijuana, more than one ounce." The evidence though largely circumstantial was sufficient to support the verdict. On the night in question appellant admitted that he was going to Atlanta to pick up a quarter pound of marijuana. He went to Atlanta. The jury was authorized to find that appellant, on the way back when approached by a police officer, attempted to flee. When the officers arrived at the wreck one bag of marijuana was found lying about three feet from the car in which the jury determined appellant was driving and one bag was lying about a foot from appellant's body. Opinion evidence was submitted that the bags had only been there a short time. This assignment is without merit.

(4) Appellant contends that the various charges should have been severed and that allowing indictments of motor vehicle homicide and possession of marijuana to be tried together was prejudicial to him. There is no question that separate indictments may be joined for the purpose of one trial. Code Ann. § 26-506 (b). *Chumley v. State,* 235 Ga. 540 (221 SE2d 13) (1975); *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975); *Coker v. State,* 234 Ga. 555 (1) (216 SE2d 782) (1975).

The underlying consideration regarding the issue of a joint trial on two or more indictments is whether undue or great risk of prejudice from a joint disposition of charges would result. *Dingler v. State,* 233 Ga. 462 (211 SE2d 752) (1975). All of the facts and circumstances surrounding each trial must be examined in determining whether or not a risk of prejudice may occur.

An examination of the record in this case shows that all of the events with which the defendant was charged occurred within a very short time after the appellant

began to flee in an attempt to evade law enforcement officers. The jury was authorized to find from the evidence the motive for such an attempt to flee would likely have been that appellant was indeed committing a crime when he was first approached. Defendant's speed, driving on the wrong side of the road, running stop signs, possession of marijuana, and vehicular homicide were so closely connected and related it appears the evidence regarding each transaction would have been admissible in the proof of the other. Under these circumstances we conclude it was not an abuse of the trial court's discretion to require all charges tried simultaneously by the same jury.

(5) Appellant contends that certain photographs should not have been admitted over his objection because they were in color, enlarged and were designed to reach the passions of the jury and to create sympathy on behalf of the victim. In furtherance of this argument he says there was no question but that the deceased was killed in an automobile accident and that there was no issue as to how she died or which wounds could have caused her death. Appellant's contention is without merit. *Godfrey v. State,* 243 Ga. 302 (253 SE2d 710) (1979).

*Judgment affirmed. All the Justices concur.*

Submitted November 9, 1979 — Decided January 8, 1980.

*Garland T. Byrd,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.