### 41978. BILBREY v. THE STATE.
(331 SE2d 551)

CLARKE, Justice.

This court granted Bilbrey's interlocutory application to appeal an order of the superior court overruling his motion to quash two counts in a four-count indictment for second degree vehicular homicide. The indictment arises from the death of two persons riding in an

automobile which collided with a pickup truck driven by Bilbrey. The counts being challenged are allegations of unintentionally causing the death of another while driving too fast for conditions in violation of OCGA § 40-6-180; the indictment on these counts is set out in the statutory language. The other two counts allege a violation of OCGA § 40-6-40 by driving on the left-hand side of the roadway; these counts are not involved in this appeal.

"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. Consistently with the foregoing, every person shall drive at a reasonable and prudent speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching and traversing a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions." OCGA § 40-6-180.

The collision occurred at around 8:40 p.m.; it was dark, the road was wet from rain and fog, and the pickup was rounding a curve and traveling downhill. The posted speed was 55 miles per hour. Bilbrey's vehicle was moving at approximately 38-40 miles per hour. The other vehicle was moving at approximately 49 miles per hour; the driver of that vehicle was not charged with violating OCGA § 40-6-180.

Bilbrey contends that the charges based on OCGA § 40-6-180 should be quashed on the grounds that the statute violates the due process provisions of the state and federal constitutions because its prohibitions are not clearly defined and its terms do not set sufficiently definite standards to be followed by those who enforce the laws. He also contends that an indictment which merely states the statutory language and does not set forth the hazardous condition which allegedly necessitated a speed below the posted speed limit is deficient in that it does not inform the defendant of how or why the state contends the law was violated.

1. In *Hardison v. Shepard*, 246 Ga. 196 (269 SE2d 458) (1980), we rejected a facial attack on the statute at issue which was brought after conviction in a collateral proceeding to declare the defendant an habitual violator. However, we noted in that case that the appellate courts of this state had held similar statutes unconstitutional on due process grounds. See *Hayes v. State*, 11 Ga. App. 371 (75 SE 523) (1912); *Howard v. State*, 151 Ga. 845 (108 SE 513) (1921). This court has held that speed requirements setting a standard of "reasonable and proper, having regard to the traffic and use of such highway" is too indefinite to form the basis of a criminal prosecution, although it is proper to apply the statute in civil actions. *Teague v. Keith*, 214 Ga. 853 (108 SE2d 489) (1959); *Strickland v. Whatley*, 142 Ga. 802

(83 SE 856) (1914); *Empire Life Ins. v. Allen*, 141 Ga. 413 (81 SE 120) (1913).

Appellant urges that we follow the *Hayes* line of cases and declare the present law unconstitutional. The state contends that *Hayes* should be overruled; in addition, the state argues that a majority of jurisdictions have upheld similar speed restrictions. See 6 ALR3d 1326; *People v. DeCasaus*, 150 Cal.App.2d 274 (309 P2d 835) (1957); *Gano v. State*, 466 SW2d 730 (Tex. 1971); *State v. Pilcher*, 636 P2d 470 (Utah 1981); *People v. Pupillo*, 235 NYS2d 522 (1962).

In *Hayes*, supra, the defendant was charged in one count of the indictment with driving "at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway . . . ." Id. at 371. The court found that part of the indictment based upon the quoted language was insufficient and subject to demurrer. In holding the language too indefinite the court stated that criminal liability "can not be determined by the consequences which ensue from driving a machine. The law must so definitely and certainly define the offense that a person of reasonable understanding can know at the time of the commission of the act that the law is being violated." *Hayes*, p. 378.

In *Wilson v. State*, 245 Ga. 49 (262 SE2d 810) (1980), we upheld our reckless driving statute in a vagueness attack saying that a statute will withstand a due process attack "if its terms furnish a test based on normal criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command." *Wilson*, at 53. We held that *Hayes* would be limited to its facts as "an attempt to set a limit on speed without any criteria for doing so." *Wilson*, at p. 53.

While OCGA § 40-6-180 standing alone does not meet the constitutional certainty requirements, we find the statute furnishes sufficient criteria when read in conjunction with OCGA § 40-6-181. OCGA § 40-6-181 (b) sets the specific maximum lawful speeds for vehicles traveling in specific locations. Paragraph (a) provides "The limits specified in this Code section or established as authorized in this article shall be the maximum lawful vehicle speeds, *except when a special hazard exists that requires a lower speed for compliance with Code Section 40-6-180.*" (Emphasis supplied.) OCGA § 40-6-181 (a). When read together, the code sections make it reasonably clear that when a vehicle encounters one of the listed road conditions or other hazards caused by weather or highway conditions, the law requires a reduction in speed below the maximum posted limit. An examination of the cases relied on by the state in support of its contention that OCGA § 40-6-180 is constitutional reveals that other courts have based their decisions on statutory schemes setting forth maximum limits and requiring reduced speed for enumerated hazards. Sec. 19-

½ Vernon's Texas Civil Statutes, Art. 6701d, Sec. 166; *Gano v. State,* supra; *State v. Gabriou,* 113 R.I. 420 (322 A2d 30) (1974); *State v. Rich,* 115 Ariz. App. 119 (563 P2d 918) (1977).

Although our statutory scheme is not as specific as some, we hold that when read as a whole it gives sufficient warning of what conduct is unlawful. This is the result due process requires. *Rose v. Locke,* 423 U. S. 48 (96 SC 243, 46 LE2d 185) (1975); *Price v. State,* 253 Ga. 250 (319 SE2d 849) (1984). The law gives drivers of common intelligence notice that certain road and weather conditions will require a lowering of vehicle speed below the posted limit in order to protect the public safety.

2. Even though we find the statutory scheme is not void for vagueness, we do agree with appellant that the indictment here is insufficient and the counts based upon OCGA § 40-6-180 must be dismissed. The two counts at issue allege the appellant was "driving . . . at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing." The state contends that more specificity is not required and would unnecessarily force the state to anticipate all the potential hazards which might be revealed at trial. We disagree. Due process requires that the indictment inform the accused of the charges so that he may defend them at trial. *McCrary v. State,* 252 Ga. 521 (314 SE2d 662) (1984); *DePalma v. State,* 225 Ga. 465 (169 SE2d 801) (1969).

We have stated in Division 1 that OCGA § 40-6-180 standing alone is insufficient to define a crime, but when construed with OCGA § 40-6-181 gives sufficient notice that a speed below the posted limit is required under certain conditions. For an indictment, accusation or citation to meet due process standards in too fast for conditions cases where the accused is traveling slower than the maximum limit in OCGA § 40-6-181, we hold it must allege the speed of the vehicle and the hazard or condition which made that speed "greater than is reasonable and prudent under the conditions." OCGA § 40-6-180. See *State v. Gabriou,* supra. Under this standard, the motion to quash or dismiss should be granted.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 2, 1985 —
REHEARING DENIED JULY 24, 1985.

*Nation & Assoc., Sidney L. Nation,* for appellant.
*Robert F. Mumford, District Attorney,* for appellee.