73494. MILITARY CIRCLE PET CENTER NO. 94, INC. et al. v. THE STATE.
(353 SE2d 555)

SOGNIER, Judge.

We granted an interlocutory appeal in this case to consider whether the trial court erred by denying each appellant's General and Special Demurrers and Motion to Quash Accusation; by denying each appellant's motion to suppress; and by denying in part appellant Docktor Pet Center's Motion to Quash Subpoenas.

1. On October 9, 1985 the Cobb County Solicitor filed separate accusations against Military Circle Pet Center No. 94, Inc., d/b/a

Docktor Pet Center (hereafter Docktor Pet), Gordon Sewell, Delbert McGuire, David Howard and Rita Burke. Docktor Pet, Sewell and McGuire were each charged in identical language with 11 counts of cruelty to animals and 11 counts of deceptive business practices. Howard was charged with two counts of deceptive business practices and Burke was charged with four counts of deceptive business practices. Appellants contend the accusations are insufficient to adequately apprise them of the nature of the charges against them and to enable them to prepare a defense.

a. OCGA § 16-12-4 (a) provides: "A person is guilty of a misdemeanor when his act, omission or neglect causes unjustifiable physical pain, suffering or death to any living animal." The accusations of cruelty to animals tracked this Code section by alleging that Docktor Pet, Sewell and McGuire, by their neglect, caused unjustifiable physical pain, suffering, and in specific instances death, to living animals. None of the accusations, however, specify what constituted the alleged "neglect" causing the pain, suffering, or death of the animals specified in each count of the accusation. Appellants contend that while as a general rule an indictment or accusation is sufficient if it states the offense in the language of the Code, when the definition of an offense includes generic terms, the accusation must state the species of the act charged and must descend to particulars. We agree.

In *State v. Black*, 149 Ga. App. 389, 391 (4) (254 SE2d 506) (1979), this court held: "By charging in an [accusation] a crime capable of being committed in more than one way, a failure to charge the manner in which the crime was committed subjects the [accusation] to a proper special demurrer." Further, an accusation must be stated in language so plainly that the nature of the offense charged may be easily understood by the jury "and the particulars are such as to enable the defendant to prepare for trial." Id. *Bilbrey v. State*, 254 Ga. 629, 632 (2) (331 SE2d 551) (1985). Appellants here were charged only with causing unjustifiable physical pain, suffering, or death by "neglect," without specifying the manner in which they were negligent. Since their negligence could have taken many forms, such as failure to provide adequate food and water, physical abuse, failure to treat a disease, etc., the failure to charge the manner in which the crime was committed subjected the accusations to a special demurrer. Accordingly, it was error to deny appellants Docktor Pet, Sewell, and McGuire's special demurrers and motions to quash the accusations charging cruelty to animals.

b. We reach a different conclusion as to the accusations alleging that Sewell, McGuire, Howard and Burke engaged in deceptive business practices. The accusations as to these offenses allege that the named appellant did, in the regular course of business, knowingly sell a sick animal, representing the quality of the animal to be healthy.

The specific animal sold in each instance was specified in each accusation, as well as the date on which the animal was sold. The test of the sufficiency of an accusation is not whether it could have been made more definite and certain, but whether it contains the elements of the offense charged and apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. *State v. Greene*, 171 Ga. App. 329, 330 (320 SE2d 183) (1984). The accusations alleging deceptive business practices by Sewell, McGuire, Howard and Burke meet this test, so it was not error to deny those appellants' motions to quash these accusations.

c. Appellants next argue that the accusations are defective because they are not supported by affidavit; thus appellants argue that the accusations are subject to their demurrers. We do not agree.

OCGA § 17-7-71 (a) provides: "In all misdemeanor cases in superior, state, or county courts, the defendant may be tried upon an accusation framed and signed by the prosecuting attorney of the court. The accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and where the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant." The record discloses, and appellants acknowledge, that they were not previously arrested and the accusations were not used as the basis for issuance of warrants for the arrest of appellants. Hence, under the express language of § 17-7-71 (a), no affidavits were required in support of the accusations.

d. Appellant Docktor Pet contends that the accusations against it fail to allege the essential elements of a crime because OCGA § 16-2-22 limits criminal liability of corporations to two instances, neither of which was alleged here. OCGA § 16-2-22 provides, in pertinent part: "(a) A corporation may be prosecuted for the act or omission constituting a crime only if:

"(1) The crime is defined by a statute which clearly indicates a legislative purpose to impose liability on a corporation, and an agent of the corporation performs the conduct which is an element of the crime while acting within the scope of his office or employment and in behalf of the corporation; or

"(2) The commission of the crime is authorized, requested, commanded, performed, or recklessly tolerated by the board of directors or by a managerial official who is acting within the scope of his employment in behalf of the corporation.

"(b) For the purposes of this Code section, the term: . . . (2) 'Managerial official' means an officer of the corporation or any other agent who has a position of comparable authority for the formulation

of corporate policy or the supervision of subordinate employees. . . ." Not every corporate agent is a "managerial official," only "top" management is intended to be covered. Committee notes to Code Ann. Chapter 26-8 (now OCGA § 16-2-22), reported in Code Ann., p. 86 (1983 revision).

OCGA § 16-9-50 contains nothing in its definition of deceptive business practices which clearly indicates a legislative purpose to impose liability on a corporation. Further, there is nothing in the accusations of deceptive business practices alleging that the alleged crimes were authorized, requested, commanded, performed or recklessly tolerated by Docktor Pet, a Virginia corporation, or by a managerial official acting on behalf of the corporation. Thus, the accusations were not sufficient to impose criminal liability on Docktor Pet. Even assuming that OCGA § 16-9-50, supra, imposes criminal liability on corporations, the offense can be committed in several different ways, i.e., where the commission of the crime is authorized, requested, commanded, performed, or recklessly tolerated by the corporation or one of its managerial officials. Thus, it would be necessary to allege with specificity the manner in which the corporation committed the offense. *Bilbrey, Black*, supra. Since this was not done it was error to deny appellant Docktor Pet's motion to quash the accusations against it alleging deceptive business practices.

2. Appellants contend the trial court erred by denying their motion to suppress evidence seized in a search pursuant to a warrant, because the persons executing the warrant exceeded the scope of the warrant. The warrant in this case authorized seizure of the following: "Cruelly treated animals who are sick and are not being treated medically, animals in overcrowded and diseased environment, business records which document condition of animals; euthanizing drugs."

Evidence at a suppression hearing disclosed that the officers conducting the search found no euthanizing drugs; nevertheless, the officers seized all drugs on the premises of Docktor Pet which contained a warning label authorizing use of the drug only by prescription and administered by a veterinarian. Any animal that a veterinarian (who was asked to accompany the officers) indicated was not in perfect health was seized, rather than limiting the seizure of animals to "cruelly treated animals who are sick and are not being treated medically" or "animals in overcrowded and diseased environment," as specified in the warrant. The officer in charge of the search and the veterinarian assisting the search party both testified that no effort was made to determine if the animals seized were being treated medically; the only criteria followed was to seize any animal that the veterinarian indicated was not in perfect health. Further, many records were seized which had nothing to do with medical treatment of animals and birds, such as a Rolodex file containing telephone numbers of

suppliers and veterinarians, and sales receipts and records of sales of animals and birds to customers of the pet store.

Our State and Federal Constitutions require that a search warrant shall particularly describe the things to be seized, (Art. I, Sec. I, Par. XIII, Ga. Const., 1983; Fourth Amendment, U. S. Const.), and a search in execution of a warrant may not exceed in scope the particular article or things to be seized. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889); *Lockhart v. State*, 166 Ga. App. 555, 557 (305 SE2d 22) (1983). "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what may be taken, *nothing is left to the discretion of the officer executing the warrant.*" (Emphasis supplied.) *Marron v. United States*, 275 U. S. 192, 196 (48 SC 74, 72 LE 231); *Lockhart*, supra.

Applying these rules to the facts of this case, there was no judicial authorization for seizure of drugs other than euthanizing drugs, business records which did not document the condition of animals, and any animal which was not in perfect health. Although there was probable cause to issue the warrant, a search which is reasonable at its inception may violate the Fourth Amendment by virtue of its intolerable intensity and scope, and evidence may not be introduced if it was discovered by means of a search and seizure which were not reasonably related in scope to the justification of their initiation. *Terry v. Ohio*, supra at 18, 19, 29. Accordingly, the trial court erred by denying appellants' motions to suppress evidence.

In view of our disposition of the issues discussed above, it is unnecessary to address Docktor Pet's remaining enumeration of error.

*Judgment affirmed in part, reversed in part. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 23, 1987 —
REHEARING DENIED FEBRUARY 3, 1987 —

*Philip S. Coe*, for appellants.
*Patrick H. Head, Solicitor, Barbara M. Lassiter, Melodie Clayton, Assistant Solicitors*, for appellee.