44394. THE STATE v. MILITARY CIRCLE PET CENTER NO. 94, INC.
(360 SE2d 248)

HUNT, Justice.

We granted certiorari in this case to determine whether the state was required to allege the provisions of OCGA § 16-2-22 (a) (2) in the accusations against the corporate defendant, Military Circle Pet Center No. 94, Inc., d/b/a Docktor Pet Center ("Docktor Pet"), charging that defendant with deceptive business practices under OCGA § 16-9-50. *Military Circle Pet Center v. State*, 181 Ga. App. 657 (353 SE2d 555) (1987). The Court of Appeals held that the accusations were insufficient because of the state's failure to allege the provisions

of OCGA § 16-2-22 (a) (2) and reversed the trial court's order denying Docktor Pet's motion to quash those accusations. The state appeals and we reverse.

OCGA § 17-7-71 (c) provides: "Every accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct." Although the accusations against Docktor Pet for violations of OCGA § 16-9-50 plainly set forth that Docktor Pet was charged with knowingly selling sick animals, identified in the accusations, while representing those animals as being healthy, Docktor Pet argued and the Court of Appeals held that the accusations against Docktor Pet failed to allege the essential elements of a crime because OCGA § 16-2-22 (a) limits criminal liability of corporations to two instances, neither of which was alleged in the accusations. OCGA § 16-2-22 provides, in pertinent part:

"(a) A corporation may be prosecuted for the act or omission constituting a crime only if:

(1) The crime is defined by a statute which clearly indicates a legislative purpose to impose liability on a corporation, and an agent of the corporation performs the conduct which is an element of the crime while acting within the scope of his office or employment and in behalf of the corporation; or

(2) The commission of the crime is authorized, requested, commanded, performed, or recklessly tolerated by the board of directors or by a managerial official who is acting within the scope of his employment in behalf of the corporation."

It is uncontroverted that OCGA § 16-9-50, defining the crime of deceptive business practices, does not contain in its definition any indication of a legislative purpose to impose liability on a corporation. It is also undisputed that the accusations against Docktor Pet under this code section do not allege any of the provisions of OCGA § 16-2-22 (2).

We agree with the state that it was not required to allege the provisions of OCGA § 16-2-22 in the accusations in question. OCGA § 16-2-22 falls within Article 2, the parties to a crime subsection, of Chapter 2, entitled "Criminal Liability," of the Official Code of Georgia. Article 2 consists of three sections, OCGA §§ 16-2-20, 16-2-21, and 16-2-22, each of which outlines the ways in which a person or entity may become criminally liable as a party to a crime, e.g., by directly committing the crime, or by aiding or abetting in the commission of a crime (OCGA §§ 16-2-20; 16-2-21), or, in the case of a corporation, by certain acts of its agents where legislative intent clearly imposes criminal liability (OCGA § 16-2-22 (1)) or by certain acts of its directors or managerial officials (OCGA § 16-2-22 (2)). Although the

state must prove the applicable provisions of the foregoing code sections at trial against a criminal defendant, it is not necessary that the state allege these provisions in the accusation. OCGA § 17-7-71 (c), supra, and the standards of due process, govern the requirements of the indictment, see *Bilbrey v. State*, 254 Ga. 629, 632 (1) (331 SE2d 551) (1985), and these requirements were satisfied in the accusations in question.

Accordingly, Division 1 (d) of the Court of Appeals opinion is reversed and, because the scope of the question on certiorari is limited to that division, we do not address the state's remaining enumerations of error.

*Judgment reversed and remanded. All the Justices concur, except Smith, J., who dissents.*

DECIDED SEPTEMBER 10, 1987.

*Patrick H. Head, Solicitor, Melodie H. Clayton, Barbara M. Lassiter, Assistant Solicitors,* for appellant.
*Webb & Daniel, Phillip S. Coe, Laurie Webb Daniel,* for appellee.