A09A0457. THE STATE v. DELABY.
(681 SE2d 645)

ADAMS, Judge.

The State of Georgia appeals from the trial court's partial grant of Ronald Charles Delaby's special demurrer to an indictment

charging him with two counts of influencing a witness pursuant to OCGA § 16-10-93.

This case arises out of the separate criminal prosecution of David Daniel for child molestation. Delaby was employed as a private investigator to assist in Daniel's defense, and in March 2006, he conducted a recorded interview with the victim, D. K.[1] Daniel's defense team provided the prosecution a tape and transcript of that interview through discovery procedures, and Delaby was subsequently arrested based upon that recording. A Forsyth County grand jury indicted Delaby on April 18, 2008, and he filed his special demurrer on May 7, 2008.

"By [filing a] special demurrer[,] an accused claims, not that the charge in an indictment . . . is fatally defective and incapable of supporting a conviction (as would be asserted by general demurrer), but rather that the charge is imperfect as to form or that the accused is entitled to more information." (Footnote omitted.) *State v. Jones*, 251 Ga. App. 192, 193 (553 SE2d 631) (2001). See also *State v. Gamblin*, 251 Ga. App. 283 (1) (553 SE2d 866) (2001). The Georgia courts apply a stricter analysis[2] to indictments like Delaby's, to which a special demurrer has been filed before trial, than to special demurrers considered after trial:

> Because we are reviewing [an] indictment before any trial, we do not conduct a harmless error analysis to determine if he has actually been prejudiced by the alleged deficiencies in the indictment; rather, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance.

(Footnote omitted.) *Blackmon v. State*, 272 Ga. App. 854 (614 SE2d 118) (2005). Under Georgia law, an indictment that "states the offense in the terms and language of [the applicable Code section] or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct." OCGA § 17-7-54 (a). The real test, therefore, is not whether the indictment could have been clearer, but whether it states the elements of the offense and "sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal

---

[1] The facts in the Daniel case, including a description of Delaby's recorded interview with D. K., are more fully set forth in this Court's opinion in *Daniel v. State*, 296 Ga. App. 513 (675 SE2d 472) (2009).

[2] See generally *State v. Eubanks*, 239 Ga. 483, 489 (238 SE2d 38) (1977).

or conviction." (Citations and punctuation omitted.) *State v. English*, 276 Ga. 343, 346 (2) (a) (578 SE2d 413) (2003). Thus, "[i]t is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy." (Citations and punctuation omitted.) Id.

The applicable statute in this case provides:

It shall be unlawful for any person *knowingly to use intimidation*, physical force, or threats; to persuade another person by means of corruption or to attempt to do so; or to engage in misleading conduct toward another person *with intent to . . . [i]nfluence*, delay, or prevent *the testimony of any person in an official proceeding*.

(Emphasis supplied.) OCGA § 16-10-93 (b) (1) (A). The trial court granted the demurrer as to Count 1 of the indictment,[3] which alleged that on March 31, 2006, Delaby "did knowingly use intimidation with the intent to influence the testimony of [D. K.], in an official proceeding. . . ." The trial court acknowledged that Count 1 tracked the language of the statute and that an indictment tracking statutory language is generally deemed sufficient. See *State v. Austin*, 297 Ga. App. 478 (677 SE2d 706) (2009) ("By tracking the statute, the state presented a technically correct allegation.") (footnote omitted); *Stewart v. State*, 246 Ga. 70, 72 (2) (268 SE2d 906) (1980). But the trial court also found that "[w]here the statutory definition of an offense includes generic terms, the indictment must state the species of acts charged; it must descend to particulars." (Citations, punctuation and emphasis omitted.) *Lee v. State*, 117 Ga. App. 765, 766 (162 SE2d 229) (1968). The court found that in this context the word " 'intimidation' must be alleged with greater clearness," and as alleged, the indictment did not "sufficiently apprise" Delaby of "what he must be prepared to meet at trial."

The State argues that the trial court erred in granting the demurrer as to Count 1 because the word "intimidation" has been defined by Georgia courts in the context of robbery by intimidation.[4] But the definition of "intimidation" in that context does not resolve

---

[3] The trial court, however, overruled the demurrer as to Count 2 of the indictment, which alleged that on March 31, 2006, Delaby "did communicate a threat of injury to the person of [D. K.], a witness, with the intent to deter the witness from testifying freely, fully, and truthfully. . . ."

[4] The Supreme Court of Georgia has defined "intimidation" in the robbery context to mean "that terror . . . likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person" and "that act by the perpetrator that puts the person robbed in fear sufficient to suspend the free exercise of his will or prevent resistance to the taking." (Citation and punctuation omitted.) *Hewitt v. State*, 277 Ga. 327, 329 (1) (b) (588 SE2d 722) (2003).

the issue of whether the language of Delaby's indictment was sufficient to apprise him of what he must defend at his trial for influencing a witness. Moreover, the cases upholding indictments for robbery by force or intimidation cited by the State are inapposite. One of the cases considered the validity of an indictment after the defendant had already been convicted. *Ramsey v. State*, 212 Ga. 381 (1) (92 SE2d 866) (1956). That indictment, therefore, would be subject to a less stringent analysis. Additionally, each of the indictments in those cases provided at least some factual detail to support the crime charged, as each alleged that the defendant took a specific amount of money from the victim violently and by force. See id. (indictment for robbery by force alleging defendant " 'with force and arms, wrongfully, fraudulently, and violently, by force,' " took $151 from the victim); *Lacey v. State*, 44 Ga. App. 791 (163 SE 292) (1932) (indictment for robbery and intimidation alleging accused " 'wrongfully, fraudulently, and violently, by force and intimidation,' " took $520 from the victim). No similarly specific facts appear in the language of Count 1 in this case.

An indictment must sufficiently apprise the defendant of what he must be prepared to meet. "The defendant is entitled to know the particular facts constituting the alleged offense to enable him to prepare for trial." (Citations omitted.) *State v. Black*, 149 Ga. App. 389, 390-391 (3) (254 SE2d 506) (1979). See also *Lee v. State*, 117 Ga. App. at 765-766. Applying this principle in *Military Circle Pet Center No. 94 v. State*, 181 Ga. App. 657 (353 SE2d 555) (1987),[5] this Court reversed the denial of a special demurrer, holding that the use of the term "neglect" in an accusation alleging cruelty to animals was generic even though it tracked the statutory language. The Court found that the accusation was required to assert the manner in which the defendants were negligent in order to withstand a special demurrer:

> Appellants . . . were charged only with causing unjustifiable physical pain, suffering, or death by "neglect," without specifying the manner in which they were negligent. Since their negligence could have taken many forms, such as failure to provide adequate food and water, physical abuse, failure to treat a disease, etc., the failure to charge the manner in which the crime was committed subjected the accusations to a special demurrer.

Id. at 658 (1) (a). See also *State v. Jones*, 251 Ga. App. at 194

---

[5] Reversed on other grounds, *State v. Military Circle Pet Center No. 94*, 257 Ga. 388 (360 SE2d 248) (1987).

(upholding grant of special demurrer where indictment on attempting to elude alleged the failure to stop in response to visual signal, but did not allege the manner in which the visual signal was given).

Similarly in this case, the intimidation of a witness could come in a number of ways, none of which is alleged in the indictment. Therefore, we agree with the trial court that the use of the statutory language in Count 1 of the indictment was generic and did not adequately inform Delaby of the facts constituting the offense alleged against him. Because Delaby filed a timely special demurrer, he was entitled to an indictment that was perfect in form and substance. Count 1 of Delaby's indictment failed to meet that standard, and we affirm the trial court's grant of the special demurrer to that count.[6]

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JULY 6, 2009.

*Penny A. Penn, District Attorney, James A. Dunn, Assistant District Attorney*, for appellant.
*John W. Rife*, for appellee.

---

[6] "When an error in an indictment is pointed out on special demurrer, the trial court does not have power to amend the grand jury's indictment in any material fashion." *State v. Eubanks*, 239 Ga. at 489-490. Rather, "the erroneous matter must be stricken . . . or the whole indictment must go back to the grand jury if the required change is material." Id. at 490. "However, the quashing of an indictment merely bars trial on the flawed indictment; it does not bar the State from reindicting the defendant." (Footnote omitted.) *Wallace v. State*, 253 Ga. App. 220, 223 (3) (558 SE2d 773) (2002). See also *State v. Gamblin*, 251 Ga. App. at 284 (1).