**FIFTH DIVISION
MCFADDEN, P. J.,
RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 1, 2018**

# In the Court of Appeals of Georgia

A18A0997. THE STATE v. STEVEN CERAJEWSKI

RAY, Judge.

The State appeals from the trial court's grant of Steven Cerajewski's special demurrer and quashal of an indictment that charged him with one count of making a false statement in violation of OCGA § 16-10-20 and three counts of impeding a court officer in violation of OCGA § 16-10-97 (a) (1). On appeal, the State contends that (1) the trial court erred in granting Cerajewski's special demurrer as to the three counts of impeding a court officer; and (2) even if the trial court correctly granted Cerajewski's special demurrer as to the three counts of impeding a court officer, the trial court erred in quashing the entire indictment. For the reasons that follow, we affirm the trial court's order granting Cerajewski's special demurrer as to the charges

of impeding a court officer, but we reverse the trial court's order quashing the entire indictment.

"In reviewing a ruling on a special demurrer, we apply a de novo standard of review, because it is a question of law whether the allegations in the indictment are legally sufficient." (Citation and punctuation omitted.) *State v. Corhen*, 306 Ga. App. 495, 497 (700 SE2d 912) (2010).

> Count one of the indictment alleges that Cerajewski
>
> on the 3rd day of February, 2017, did knowingly and willfully make a false statement to a government department in a matter within the jurisdiction of Fulton County Probate Court, a department of Fulton County Government to wit: stating that said accused has never been hospitalized as an inpatient in a mental hospital. . . .

Count two alleges Cerajewski "between the 10th day of May, 2017, and the 23rd day of June, 2017, did, by threatening communication, endeavor to impede JUDGE T. MARKLE, an officer of the Fulton County Superior Court, while in the discharge of such officer's duties. . . ." Counts three and four are identical to count two, except for the identity of the court officer.

Cerajewski filed a timely "General Demurrer/Special Demurrer" challenging the sufficiency of the charges of impeding a court officer and requesting that the

indictment be quashed. The trial court granted Cerajewski's special demurrer and quashed the entire indictment.

1. The State contends that the trial court erred in granting the special demurrer as to counts two, three, and four of the indictment. We do not agree.

An accused may challenge an indictment by general or special demurrer. "A general demurrer challenges the sufficiency of the *substance* of the indictment, whereas a special demurrer challenges the sufficiency of the *form* of the indictment." (Citation omitted; emphasis in original.) *Corhen*, supra at 496-497. "[T]o withstand a general demurrer, an indictment must: (1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish a violation of a criminal statute." *Jackson v. State*, 301 Ga. 137, 141 (1) (800 SE2d 356) (2017).

By filing a special demurrer, the accused claims "not that the charge in an indictment is fatally defective and incapable of supporting a conviction (as would be asserted by general demurrer), but rather that the charge is imperfect as to form or that the accused is entitled to more information." (Citation and punctuation omitted.) *State v. Delaby*, 298 Ga. App. 723, 724 (681 SE2d 645) (2009). "[A] defendant who has

3

timely filed a special demurrer is entitled to an indictment perfect in form and substance." (Citation omitted.) Id.

OCGA § 17-7-54 (a) provides that an indictment "shall be deemed sufficiently technical and correct" if it "states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury." OCGA § 17-7-54 (a) also requires, however, that an indictment state the offense "with sufficient certainty." "Consistent with these statutory directives, we have held that an indictment not only must state the essential elements of the offense charged, but it also must allege the underlying facts with enough detail to sufficiently apprise the defendant of what he must be prepared to meet." (Citations and punctuation omitted.) *Kimbrough v. State*, 300 Ga. 878, 881 (2) (799 SE2d 229) (2017). "The defendant is entitled to know the particular facts constituting the alleged offense to enable him to prepare for trial." (Citations omitted.) *Delaby*, supra at 726. "[W]hen a court considers whether an indictment is sufficient to withstand a special demurrer, it is useful to remember that a purpose of the indictment is to allow a defendant to prepare [his] defense intelligently." (Citation and punctuation omitted.) *Kimbrough*, supra at 881 (2).

4

Cerajewski's special demurrer challenged the sufficiency of the charges of impeding a court officer in counts two, three, and four of the indictment. After a hearing, the trial court found that the indictment "is deficient in that the lack of any description of the 'threatening communication' alleged, along with the lack of clarification in how [Cerajewski] did 'endeavor to impede' would be unreasonably confusing to a jury, and fails to adequately appraise [Cerajewski] of what offense he needs to defend himself against."

We agree with the trial court. Counts two, three, and four of the indictment do not inform Cerajewski which of his statements form the basis for the crimes alleged. The indictment provides no information about the language of the alleged threatening communications or how the threats were communicated. The indictment similarly provides no information about how Cerajewski's communications are alleged to have impeded any court officer. The language of counts two, three, and four does not provide enough information to allow Cerajewski to prepare for trial, and, thus, cannot withstand a special demurrer. Accordingly, counts two, three, and four of the indictment are subject to Cerajewski's special demurrer.[1]

---

[1]In light of our holding based on the sufficiency of the factual allegations in counts two, three, and four, we need not address whether counts two, three, and four were sufficiently specific regarding the dates the crimes are alleged to have occurred.

2. The State contends that even if the trial court correctly granted Cerajewski's special demurrer as to the three counts of impeding a court officer, the trial court erred in quashing the entire indictment. We agree.

The trial court's order granting Cerajewski's special demurrer quashed the entire indictment, not just the counts charging Cerajewski with impeding a court officer. Cerajewski concedes that he does not argue that the language of count one was insufficient, and he acknowledges that he has not challenged the specificity of the language in count one in his demurrer. However, Cerajewski contends that the trial court did not err because quashing the entire indictment is an available remedy if the State fails to properly draft the indictment. Cerajewski acknowledges a line of cases stating that a trial court may strike deficient counts without quashing the entire indictment. For example, in *Williams v. State*, 165 Ga. App. 72, 72 (1) (299 SE2d 405) (1983), we stated "[w]here there are good and bad counts in an indictment, the court may strike the bad counts without quashing the whole indictment." (Citations and punctuation omitted.) Cerajewski argues that the use of the word "may" in those cases is permissive and recognizes the discretion of the trial court to fashion an appropriate remedy, which would include quashing the entire indictment.

6

However, in *Perry v. State*, 118 Ga. App. 22, 22-23 (1) (162 SE2d 466) (1968), we stated that in a multi-count indictment, "the fact that one or more of the counts is bad against demurrer will not result in the sustaining of a general demurrer or motion to quash the whole indictment." (Citation omitted.) Accordingly, since Cerajewski advanced no arguments challenging count one of the indictment, trial court erred in quashing the entire indictment.

*Judgment affirmed in part and reversed in part. McFadden, P. J., and Rickman, J., concur.*